LOUISA M. CHAPMAN AND OTHERS V. JMAES L. ALLEN.

See this case for where it was held that the certificate of the officer who purported to take the deposition, failed to state that the witness swore to and signed the answers *before him.*

Where objection was made to the admission of a deposition, on the ground that it was not properly certified, and the bill of exceptions disclosed that the objection was resisted on the ground that it had only been filed a few minutes before the trial commenced, and the objection was sustained, it was held, on appeal, that the appellant could not be heard to reply to the objection that no notice thereof was given to him before the trial commenced. But see special circumstances.

Where a deposition was excluded after the trial commenced, on account of a defect in the certificate, it was held that the Court did not err in refusing leave for the officer who took the deposition, (the Chief Justice of the county) to amend it.

Where the separate property of the wife has undergone mutations, it is indispensable, to maintain its separate character, that it be clearly and indisputably traced and identified.

Property acquired by purchase during coverture, by either party, is presumed to be community property, whether the consideration was services rendered or money paid by either party.

The wife, without being joined or authorized by her husband, may claim property levied on by process against the husband, and give bond to try the right thereto.

Where in the trial of the right of property, there is no issue as to the separate value of the property, and no objection in the Court below on the subject, it cannot be objected in the Supreme Court, that the bond stated the aggregate value of the property and that the judgment pursued the bond.

Appeal from Gonzales. Trial of the right of property in two buggies and five horses, attached as the property of F. M. Chapman at the suit of the appellee, and claimed by the appellant, the wife of the said F. M. Chapman. The Sheriff appraised the property in bulk at $425, and the appellant gave bond, with sureties, in the usual form, without being joined or authorized by her husband. An exception was afterwards filed by the appellant, claiming that the bond was void, on the ground that she was a married woman, and was not joined nor authorized by her husband. There was no entry made of any disposition of the exception.

The parties went to trial, and the claimant gave in evidence a bill of sale from W. J. Howerton to the claimant for property corresponding to the description of the property in controversy, purporting to be in consideration of valuable services rendered by the claimant and one dollar in hand paid.

The plaintiff, Allen, then proved by the Sheriff that he found the property in the possession of F. M. Chapman, the husband, that the aggregate value thereof was $425. These were all the facts proved, as certified by the Judge, the parties not being able to agree on the same.

The Court instructed the jury, that if they believed from the evidence that the property in controversy was the same embraced in the deed from Howerton to the claimant, it would be community property, and they should find for the plaintiff.

It appeared from a bill of exceptions, that the claimant had caused the deposition of one Mrs. Louisa Nelson, who resided in Gonzales county, to be taken. The substance of the deposition was, that property similar to that in controversy, had been purchased by the said F. M. Chapman at Indianola, from one Jno. A. Settle, with funds which the claimant had received from her guardian as her inheritance. The plaintiff had filed a motion to strike out the answers of the witness, on the ground that the officer before whom they were taken, did not certify that the witness came before him and answered the same.

The bill of exceptions stated that when the deposition was offered in evidence, the plaintiff objected " because the certifi-" cate of the officer who had taken the same, was not such as " the Statute required—the defendant resisted the objection on " the ground that it had been filed a few minutes before the " trial, and that all objections to the manner and form of tak-" ing depositions should be filed one day before the trial com-" mences, and that the certificate, taken as a whole, was suffi-" cient." The deposition was filed April 19, 1855 ; the motion to strike out the answers was filed April 23rd, 1855 ; but it did not appear on what day the trial commenced—nor was

there any date to the verdict or judgment.*   The answers to
the interrogatories commenced " State of Texas.   County of
" Gonzales.   James L. Allen v. Lucinda M. Chapman.   An-
" swers to interrogatories propounded to Louisa Nelson and
·" subscribed, acknowledged and sworn to by the said Louisa
" Nelson before me, Edm'nd Bellinger, Chief Justice of said
" county, on the 16th of April, A. D., 1855.   Int. 1st. I am;"
&c., signed by the witness ; then a certificate commencing
" State of Texas.   Gonzales county.   I, Edm'nd Bellinger,
" Chief Justice of Gonzales county, hereby certify that the
" foregoing answers to the interrogatories and cross-interroga-
" tories herewith enclosed with a commission to me directed,
" emanating from the District Court of Gonzales county, were
" signed and sworn to by L. Nelson, a female witness in the
" suit herein before referred to.   In witness," &c.—signature
and official seal.   The Court sustained the objection, and the
defendant excepted.   The defendant then called to the stand
the officer before whom the deposition was taken, and asked
leave for him to amend his return.   The plaintiff objected ;
the Court sustained the objection, and the defendant excepted.

There was a general verdict for the plaintiff—and a judg-
ment against the defendant and her sureties for the value of
the property, as stated in the bond.


*Stewart & Mills*, for appellant.   I. The objection was that
the officer's certificate omitted the words, " before me."   How
could the testimonium clause of the certificate be made and .
his seal of office annexed, if the witness had not signed and
sworn to the answers before him ?   But the caption of the an-
swers, penned by the Chief Justice, shows that the answers
were subscribed and sworn to before him, which relieves the
point of all doubt ; in his certificate he refers to the caption.

But the deposition should be admitted, because no notice of

---

* We would call the attention of the Bar to the propriety of causing the entry
of judgment to show the date thereof.

the objection was given to the opposite counsel before the trial of the suit commenced. (Hart. Dig. Art. 733.)

II. The Court below should have permitted an amendment of the officer's return or certificate. (Hampton v. Deam, 4 Tex. R. 455.)

III. The statement of the facts contains no evidence that the property in controversy was the property mentioned in Howerton's deed to Mrs. Chapman.

The charge assumes the very fact in issue—that the property mentioned in Howerton's deed is community property. The consideration of the deed is two-fold, services and money.

IV. The Act for the trial of right of property provides that the claimant shall give bond, &c., &c. This should be construed in subordination to other principles; for surely an infant or person, *non compos mentis*, could not give a return bond, though the property taken in execution might belong to them.

Can the wife execute a return bond without the union of her husband? If the bond was null, it was certainly error in the Court below to render judgment on the bond.

V. The Sheriff should have assessed specifically each article replevied. (Blakey's Ad'mr v. Duncan, 4 Tex. R. 184.)

*Waul & Wilson*, for appellee. I. The officer should have certified that the answers were signed and sworn to before him. (Hart. Dig. Art. 727.)

There was no error in refusing permission to Chief Justice to amend his certificate as he was no officer of the Court. The amendment was asked too late.

II. There was no error in the charge of the Court.

III. There was no error in rendering judgment against all the obligors in the bond. (Hart. Dig. Art. 2818; 11 Tex. R. 315.)

IV. There was no error in rendering judgment for the amount of the property as assessed by the officer and as proved on trial; there was no attempt to prove the property of a different value. (12 Tex. R. 43.)

WHEELER, J. We are of opinion that the Court did not err in sustaining the plaintiffs' exception to the deposition of the witness Nelson. The certificate of the officer, who was commissioned to take the deposition, failed to conform in an essential particular, to the requirement of the statute. (Hart. Dig. Art. 727.) It is objected that notice of the exception was not given to the defendant's counsel before the commencement of the trial. But this was not the ground of opposition to the exception in the Court below. It appears by the bill of exceptions, that "the defendants resisted the objection on the ground that it "had only been filed a few minutes before the trial," and that it should have been filed one entire day before ; but there is no suggestion that counsel had not notice of the exception before the trial commenced. Whether notice had been given as the Statute requires (Hart. Dig. Art. 733) was doubtless within the knowledge of counsel and the Court ; and the specification of other grounds of objection to the action of the Court, without suggesting a want of timely notice of the exception to the deposition, must be deemed a tacit admission that such notice could not be objected consistently with the facts.

Whether the Court should have permitted the officer to amend his certificate after the trial had commenced, was a question addressed to the discretion of the Court under the circumstances. If it had been proposed before going into the trial, we think it should have been allowed, or if refused, it might have been good cause for a continuance. But if the objection to the admission of the depositions in evidence, had been then removed, the plaintiff might have thought proper to ask a continuance to obtain evidence to counteract the effect of the depositions. But seeing a valid objection to the reading of the depositions in evidence, he might well announce himself ready for trial, when otherwise he would have required other evidence to maintain the issue on his part. The parties having gone to trial, notwithstanding the exception to the depositions, and without proposing to obviate the objection

beforehand, it was for the Court, in its discretion, to decide, whether it would be just to the opposite party, and proper under the circumstances, to arrest the progress of the trial, and delay the proceedings, to afford an opportunity to obviate an objection to evidence, which the party had omitted to obviate at the proper time. And we cannot say that the Court erred in the exercise of its discretion in refusing the application. Parties must judge for themselves of their preparedness for trial, and having announced their readiness, they must abide the consequences of any want of preparation, which, by the use of proper diligence, they might have supplied.

But if the deposition had been admitted, it is not perceived that it could have benefitted the party. The testimony of the witness did not identify the property as that purchased with the money of the claimant ; but was inconsistent with the deed under which she claimed. The presumption that property purchased during the marriage is community property is very cogent ; and can only be repelled by clear and conclusive proof, that it was with the individual money or property of one of the partners. Where the property has not been preserved in specie or in kind, but, as in this case, has undergone mutations and changes, it is indispensable, to maintain its separate character, that it be clearly and indisputably traced and identified. (Love v. Robinson, 7 Tex. R. 6 ; Houston v. Curl, 8 Id. 239 ; Rose v. Houston, 11 Id. 324.) Had the evidence in question in this case been admitted, it was quite insufficient for that purpose.

The Court did not err in the instruction to the jury as to the effect of the deed from Howerton to the claimant. Property acquired by purchase during coverture, by either party, is presumed to be community property, whether the consideration was services rendered or money paid by either party. And this presumption can only be repelled by proof to the contrary ; of which there was none in the present case.

To the suggestion that there was no evidence that the property in question was the same conveyed by the deed of How-

erton, it may suffice to say, if that be so, then there was no evidence whatever to sustain the plaintiff's claim of title ; and the instructions of the Court were immaterial. (Armstrong v. Lipscomb, 11 Tex. R. 649.)

The exception taken by the defendant in the Court below, that the bond for the trial of the right of property was void because given by the wife without joining her husband, does not appear to have been acted on or brought to the notice of the Court. Its effect, if it had been sustained, would have been to dismiss the claimant's suit for the trial of the right of property. But this she could not do, and thus defeat the plaintiff's right under the levy, after having replevied and gotten possession of the property. To have permitted it would have been to sanction a manifest fraud upon the rights of the plaintiff in execution. But the objection to the validity of the bond was not tenable, in itself. The right to assert a claim to separate property, necessarily presupposes the power to do whatever is necessary to the effectual assertion and maintainance of the right. The giving of the bond, in a case like the present, is a necessary prerequisite to the assertion of the right. The power, therefore, must of necessity, exist ; for to deny the power, would be to deny the right ; and leave a married woman without a remedy for the reclamation of her property, where the husband failed or refused to join in the institution of the proceeding. Besides, the Court having taken cogizance of the claim of the wife, she is presumed to have its sanction, if that were necessary, for proceeding individually, without joining her husband. And having instituted the proceeding without joining her husband, or asking that he be joined, surely it is not for her now to object, and avoid the effect of her own lawful acts, on the ground that she was suffered to maintain the proceeding without joing him.

The objection that the Sheriff did not assess the several value of each article of property levied on or claimed, if well taken, should have been brought to the attention of the Court

below, and there acted on; otherwise it must be deemed to have been waived. But it does not appear to have been insisted on below. The claimant in asserting her claim did not allege the separate value of the property. And there being no issue between the parties upon that point, there was no necessity that the verdict and judgment should ascertain the separate value of the property. (Latham v. Selkirk, 11 Tex. R. 314; Wright v. Henderson, 12 Id. 43.) There is no error in the judgment, and it is affirmed.

Judgment affirmed.