**BLACKBURN v. BLACKBURN.**

No. 5406.

Court of Civil Appeals of Texas. Amarillo.

March 23, 1942.

Rehearing Denied June 15, 1942.

Clara A. Blackburn, for a divorce and division of the property of the parties. The property is of considerable proportions and consists of 408 shares of stock of Blackburn Bros. Inc. in Amarillo, and numerous parcels of real estate. The grounds relied upon for the divorce were based upon Section 1 of Article 4629, Vernon's Ann.Civ.St., relative to excesses, cruel treatment and outrages upon the part of the appellant.

Upon special issues submitted which are material here, the jury found that the appellant had been guilty of excesses, cruel treatment and outrages of such a nature as to render the further living together of the parties insupportable; that certain separate property of the appellee had been used in acquiring property now owned by the parties; fixed the value of the respective items of property composing the community estate; and that $1,250 was a reasonable attorney's fee for the attorney representing the appellant. The court rendered judgment dissolving the marital relation, dividing and partitioning the property and allowing the appellant $1,250 attorney's fees.

The appellant excepted to the petition of the appellee wherein the appellee alleged that appellant repeatedly refused to visit and associate with the appellee's brothers and their respective families who lived in Amarillo where the appellee and appellant reside, and that the appellant refused to accompany the appellee on trips to Mineral Wells, Texas, and other places, it being urged by the appellant that such allegations constitute no grounds for divorce. The appellant further excepted to the petition because, she asserts, the appellee failed to allege the date when the parties ceased living together as husband and wife, and that appellee alleged continuous nagging by the appellant and the making of false accusations of infidelity against him when no specific language or acts were alleged. The court overruled these exceptions and his action is assigned as error.

The appellee alleged that prior to February 1, 1930, and particularly during the years 1928 and 1929, the appellant commenced a course of studied and deliberate conduct towards the appellee, constituting excesses, outrages and cruel treatment of such a nature as to render their further living together insupportable; that appellant, without cause, refused to take any part in social life or social activities with the appellee and at all times refused to accompany him to social occasions; that she repeatedly

H. H. Cooper, of Amarillo, for appellant.

Clayton & Bralley, of Amarillo, for appellee.

FOLLEY, Justice.

This suit was filed by the appellee, Henry Walter Blackburn, against the appellant,

and continuously refused to associate with their mutual friends and acquaintances and refused to visit and associate with appellee's brothers and their respective families in Amarillo; that appellant refused to go on vacations with the appellee; that appellant was constantly in an ill humor and went for days at a time without communicating with or speaking to the appellee in their home or elsewhere; that repeatedly during the last two years when the appellee and appellant occupied the same dwelling house, the appellant was constantly in an ill humor and refused to converse with the appellee, all of which acts and conduct of the appellant caused appellee much mental pain and embarrassment, rendering their married life unbearable and creating an unhappy atmosphere in their home, which condition became more aggravated from time to time, with the result that on or about February 1, 1930, the appellant, of her own accord, fixed up a room in their dwelling house for the appellee alone to occupy; that at all times thereafter appellant occupied a separate room from that prepared by the appellant for appellee; that by mutual understanding of the parties they had continuously lived separate and apart without cohabitation since February 1, 1930; that the acts and conduct of the appellant continued without intermission and became more aggravated during the last two years appellee occupied a room in the same house with the appellant, all of which rendered appellee's life miserable with the result that appellee left their dwelling house since which time they have not occupied the same premises; and that the continuous ill humor and mental attitude of the appellant constituted cruel and inhuman treatment of such nature as to render their further living together as husband and wife insupportable which, together with appellant's refusal to cohabit with appellee, made it necessary for them to separate.

In our opinion, the so-called special exceptions of the appellant amounted in effect to a general demurrer. Although the respective acts of ill conduct of the appellant were not set forth by date and instance, the appellee did plead that prior to February 1, 1930, and particularly during the years 1928 and 1929, the continuous course of alleged conduct occurred. The petition thus charged a continued course of wrongs extending over a long period of time which was followed by specific acts of cruelty. A petition which charges wrongs, excesses and cruelties alleged to have occurred between specified months has been held to fulfill the requirements of the law without stating the place where the acts were committed or the particular day of their occurrence. Jones v. Jones, 60 Tex. 451. Moreover, most all of the allegations to which the exceptions were addressed concern transactions between the parties alone in domestic privacy. Testimony was offered by both parties upon the issues thus presented. The appellant did not claim surprise nor ask for time to procure other testimony. No injury was shown by her in this respect.

In McCullough v. McCullough, 120 Tex. 209, 36 S.W.2d 459, the Commission of Appeals, speaking through Justice Critz, held that the cruel treatment provided by our statute for divorce is not confined to physical violence alone, but may consist of a series of studied and deliberate insults and provocations. It was further held that the question to be decided is whether the course of treatment constituted such excesses, cruel treatment or outrages as to render further living together by the parties insupportable, and that it was the duty of the trial court to weigh the course of conduct in the light of all the facts and circumstances, which includes the character and refinement of the parties. The further observation was made that what might be cruel and inhuman treatment as to one couple might not be to another of different circumstances in life. In this connection, we think the record warrants the conclusion that both of the parties to this suit possessed such unusual refinement that physical violence would not have been resorted to by either of them. It is apparent from the above allegations that this suit was based upon charges of long and continuous cruel treatment in various forms over a period of years which resulted in rendering further living together of the parties insupportable. Under such circumstances the "cause of action asserted must be measured by the force and effect of all the several matters alleged when considered in the aggregate and in their natural sequence." Arendale v. Arendale, Tex.Civ.App., 22 S.W.2d 1080, 1081. In view of the appellee's allegations as a whole and of the station in life of the parties, we think a cause of action was alleged, showing such excesses as rendered the marriage relation between the parties insupportable. The allegations of the constant and continuous ill humor

of the appellant, her continuous refusal to speak to the appellee for days at a time, her nagging and false accusations of infidelity and her refusal to cohabit with the appellee, were acts calculated to seriously affect the mental condition of the appellee and render the marriage relationship unbearable. We therefore overrule these assignments. Kyle v. Kyle, Tex. Civ.App., 55 S.W.2d 885; Golden v. Odiorne, 112 Tex. 544, 249 S.W. 822.

 The appellant, under numerous assignments, attacks the sufficiency of the evidence to support the verdict and judgment for divorce. The burden of this complaint seems to rest upon the theory that no physical acts of violence were alleged or shown in this case. The appellee introduced evidence supporting all of his above allegations which we think was sufficient to present an issue of fact upon the issue submitted relative to the divorce. To discuss this evidence in detail would serve no good purpose and would prolong this opinion beyond reasonable bounds. The question as to whether the further living together of the parties is insupportable is peculiarly one of fact to be determined by the court or jury trying the case. Much latitude is allowed the court or jury in passing upon the grounds relied upon for divorce. The cruel treatment referred to in the statute has often been held to include injury to the feelings and sensibilities, as well as to physical acts of violence. It includes outrages upon the feelings, inflicting mental pain and anguish, or a series of studied vexations and deliberate provocations without apprehension of personal violence. These assignments are also overruled. McNabb v. McNabb, Tex. Civ.App., 207 S.W. 129; Sheffield v. Sheffield, 3 Tex. 79; Caywood v. Caywood, Tex.Civ.App., 290 S.W. 889; McCullough v. McCullough, 120 Tex. 209, 36 S.W.2d 459.

Prior to the filing of the instant suit the appellee filed another suit for divorce and for a division of the property. In response to an order of the court therein the appellee filed a sworn inventory and appraisement of the community property in which the appellee did not claim certain of such property involved in the instant suit to be his separate property. The first suit was voluntarily dismissed by appellee, there having been no trial had or judgment rendered. In the instant suit the appellee set up his claim to such property as his separate estate, alleging that he owned certain property at the time of his marriage to the appellant. The appellant pleaded a judicial estoppel against this claim of the appellee and objected to the submission of an issue to the jury in this regard. The court's refusal to support the appellant's theory in this respect furnishes the predicate for another assignment of error.

It is uncontroverted that at the time of the marriage of the parties in 1911, the appellee and his brother with whom he was in business each owned an undivided interest in two lots in Amarillo for which they had paid $10,000, and that thereafter appellee acquired his brother's interest in the same, improved the property and traded it for notes and other property which, in turn, were traded for land in Randall County. In its verdict the jury found the respective values of the various properties owned by the parties, such values totaling $188,132.50. The trial court, in dividing the property between the parties, apparently took into consideration the $5,000 interest the appellee had in the two town lots at the time of his marriage. It is not contended that the appellant did not know that the appellee owned the town lots before the marriage, nor that she had changed her position by reason of the discrepancy in the two pleadings.

 In 21 C.J. 1065, § 23, under the heading "Pleadings and Other Judicial Admissions," the rule is announced: "Of course no estoppel by record can be invoked where the allegations or recitals did not conclude the pleader in the prior proceeding, as where the action was discontinued or dismissed, without a decision on the merits; nor where the allegations were made through inadvertence or by mistake." See, also, 31 C.J.S., Estoppel, § 7.

 Again, in 21 C.J. 1229, Section 233, relative to former judicial proceedings, it is said: "In order to work an estoppel the position assumed in the former trial must have been successfully maintained. In proceedings terminating in a judgment, the positions must be clearly inconsistent, the parties must be the same, and the same questions must be involved. So the party claiming the estoppel must have been mislead, and have changed his position; and an estoppel is not raised by conduct of one party to a suit unless, by reason thereof, the other party has been so placed as to make it unjust to him to al-

low the first party to change his position. There can be no estoppel where both parties are equally in possession of all the facts pertaining to the matter relied on as an estoppel." See, also, 31 C.J.S., Estoppel, § 119.

 Under the above rules and the facts of this case, we think this assignment should be overruled. Lomax v. Trull, Tex.Civ.App., 232 S.W. 861; Davis v. Allison et al., 109 Tex. 440, 211 S.W. 980; Slade v. Sherrod et al., 175 N.C. 346, 95 S.E. 557.

 The appellant also complains because the jury found $1,250 as a reasonable attorney's fee for her, when the testimony of various attorneys was to the effect that a reasonable fee in a case of this sort was more than that allowed by the jury, the estimates of such attorneys ranging from $3,500 to $7,500. It is the appellant's contention that the jury was not authorized to exercise their own judgment about the fee, but were bound by the estimates of the attorneys who testified. We are not in accord with this contention. This identical issue was decided by this Court adversely to the appellant in Hodges v. Hodges, 111 S.W.2d 779. Moreover, each of the attorneys who testified admitted on cross examination that he had never collected such a fee in a divorce suit and weakened the conclusiveness of his estimate in many respects. It has been held upon good authority that the "probative force to be given to the testimony of experts is within the province of the jury and there is no rule of law which requires them to give conclusive effect to such testimony." Texas Employers' Ins. Ass'n v. Humphrey, Tex.Civ.App., 140 S.W.2d 313, 316, writ refused.

 Finally, the appellant complains of the court's division of the community estate between the parties, particularly with reference to the 408 shares of stock in Blackburn Bros., Inc., of which the court gave 255 shares to the appellee and only 153 shares to the appellant. After the jury found the respective values of all the different items of property, it became the duty of the court, in his discretion, to divide the same equitably between the parties and unless the court made an arbitrary division of the property in an inequitable manner or abused his discretion in this respect, the division should not be disturbed. In this case the total community property was large, but the major portion of it was encumbered. In dividing the property, the trial court, it seems, attempted to give the appellant unencumbered property and gave the appellee the encumbered property, with the exception of the shares of stock in Blackburn Bros. Inc. The appellee is President and General Manager of this corporation which is engaged primarily in the sale of men's clothing in the city of Amarillo. Apparently, the court made the difference in the division of the shares in appellee's favor in order that appellee might retain the control of the corporation, but to offset this difference the court ordered the appellee to execute and deliver to the appellant his promissory note for $4,929.90 to be secured by 50 shares of the unencumbered capital stock of the corporation. In view of all of the facts of the case, it is our opinion that the property was fairly and equitably divided between the parties. The appellant has shown no abuse of discretion by the trial court and the division thus made will not be disturbed. Becker v. Becker, Tex.Civ.App., 299 S.W. 528; Hedtke v. Hedtke, 112 Tex. 404, 248 S.W. 21; Scannell v. Scannell, Tex.Civ.App., 117 S.W.2d 538.

The judgment is affirmed.