**BARTELS v. BARTELS.**

No. 12145.

Court of Civil Appeals of Texas. Galveston.

Feb. 9, 1950.

Vincent J. Licata and L. R. Patton, Galveston, for appellant.

Ralph Crawford, Galveston, for appellee.

CODY, Justice.

From a judgment which granted a divorce to the plaintiff-husband on the grounds of cruel treatment, the defendant-wife prosecutes this appeal. The case was tried by the court without the aid of a jury. No conclusions of fact and law were requested or filed.

The defendant predicates her appeal upon this single point: "The evidence is insufficient to show the defendant guilty of excesses, cruel treatment, or outrages toward plaintiff of such a nature as to render their further living together insupportable." The point is overruled.

Plaintiff and defendant were married on July 25, 1946. At that time plaintiff was in his seventieth year.

At the time of the marriage defendant was employed in Houston, where she lived in a rented apartment. Plaintiff lived in a house which he owned in League City. Following the marriage, and the honeymoon which was spent in California, the parties made their home in plaintiff's house in League City. The evidence made it abundantly clear that defendant married plaintiff to obtain security. That is, of course, a legitimate object of marriage, particularly where the husband is of advanced years. But defendant was wholly unsatisfied to have her security rest solely on the marriage. The defendant wanted her husband to make over an undivided half of his property to her. The plaintiff, though he had grown children, was not so averse to his wife getting his property as he was fearful that she might leave him after she had his property. Being allowed but little peace, plaintiff consulted his lawyer, and, upon his advice, proposed to make a will leaving his property to defendant upon his death. This proposal was unsatisfactory to defendant, and in fact so angered her that over her husband's opposition she abandoned him, and moved back to Houston, but not without getting some money from plaintiff. This happened in December, 1946, some three or four months after the marriage took place.

Plaintiff went to see defendant practically every week, trying to get her to come back. She finally returned to plaintiff in League City in May, 1947, and this, with-

out having succeeded in getting plaintiff to deed her his property. But she continued determined to have plaintiff deed her his property, and daily continued her insistence on her purpose, and refused to settle for a will leaving her plaintiff's property at his death.

On December 10, 1947, defendant again abandoned plaintiff, and moved back to Houston, over plaintiff's protesting opposition. Again plaintiff gave defendant money when she left him. After defendant so left plaintiff, he continued to try to get her to return. She made it clear that she would return only if plaintiff deeded her his property.

Plaintiff testified that he gave up hope; that the constant bickering worried him, and made him feel blue; that being called "rat" and "skunk" by his wife made him feel bad; that his wife's treatment of him made him feel embarrassed, and that living together was insupportable after all that had happened, and the way his wife treated him.

## Opinion

 "The question as to whether the further living together of the parties is insupportable is peculiarly one of fact to be determined by the court or jury trying the case. Much latitude is allowed the court or jury in passing upon the grounds relied upon for divorce. The cruel treatment referred to in the statute has often been held to include injury to the feelings and sensibilities, as well as to physical acts of violence. It includes outrages upon the feelings * * * or a series of studied vexations and deliberate provocations without apprehension of personal violence." Blackburn v. Blackburn, Tex.Civ.App., 163 S.W.2d 251, 255.

The conduct of defendant would reasonably support the conclusion that defendant married plaintiff as a step to get him to deed her his property, and that she has no affection for him or desire to be with him. The court was warranted in concluding that the persistent course of conduct to which defendant subjected plaintiff was without prospect of change unless, perhaps, plaintiff in his old age, made over his property to defendant, and himself ran the risk of being subjected to insecurity, against which day his life of industry and frugality had accumulated the bulwark of property which defendant wished to get away from him. The evidence was ample to warrant the court in the conclusion that the treatment received by plaintiff was so cruel as to render their further living together insupportable. See Harrell v. Harrell, Tex. Civ.App., 206 S.W.2d 109.

The judgment is affirmed.