**GRISHAM v. GRISHAM.**

No. 3074.

Court of Civil Appeals of Texas.
Waco.

Feb. 26, 1953.

C. O. McMillan, Stephenville, Truman E. Roberts, Hico, for appellant.

H. W. Allen, Hamilton, for appellee.

HALE, Justice.

This is an appeal from a nonjury trial of a divorce suit which was grounded upon allegations of cruel treatment. After hearing the pleadings and evidence the court below rendered a decree granting appellee a divorce and awarding to him the title and possession of a Studebaker automobile. Under the two points upon which her appeal is based, appellant says the court erred (1) in granting appellee a divorce and (2) in awarding the automobile to him because the evidence was insufficient to show cruel treatment or to show that the automobile was the separate property of appellee.

Art. 4629 of Vernon's Tex.Civ. Stats. authorizes a decree of divorce where either party to the marriage is guilty of excesses, cruel treatment, or outrages toward the other, "if such ill treatment is of such a nature as to render their living together insupportable." Cruel treatment, within the meaning of this statute, is a relative term of variable degrees. It may consist of innumerable acts or combinations

of misconduct. The painful effect of such treatment, whether physical or mental, as well as the degree of intensity thereof, depends in large measure upon the nature, extent and duration of the overt acts of which it consists and the circumstances under which such acts are committed. Consequently, a correct decision as to whether such ill treatment is of such a nature as to render the living together of the spouses insupportable in any given case is dependent upon all the attendant circumstances of the case. In the early case of Eatman v. Eatman, 75 Tex. 473, 12 S.W. 1107, 1108, the Supreme Court said: "Every case of this character must be determined by its own peculiar facts. It is impossible to lay down any precise rule by which to decide, under a given state of facts, whether legal cruelty does or does not exist". While it is well settled under the decisions of our courts that the overt acts constituting legal cruelty must be established by full, clear and satisfactory evidence before a divorce can properly be granted upon that ground, a determination as to the quantum and weight of evidence necessary to meet this test involves the sound exercise of broad discretionary powers.

The evidence in this case shows that the parties were married on July 27, 1950. At that time appellant was about 56 years of age and appellee was 59 years of age, each having grown children by prior marriages. On May 14, 1951, appellee suffered a heart attack from which he was confined continuously thereafter to his bed, under orders from his doctor, until after the parties permanently separated on July 30, 1951. According to the testimony of appellee, he and his wife began to have difficulties over financial matters shortly after their marriage, it being his contention that his wife was spending too much of his money. He testified fully and in detail as to the amount of money he had in the bank at the time of his marriage, the amount he thereafter earned and collected prior to the time he became seriously ill, and the amount he had left at the time of their separation. He further testified in effect that prior to his illness his wife refused him permission to drive the Studebaker automobile in con-

troversy; that after his illness she drew checks against his bank account without his consent, and when he caused a part of his balance to be withdrawn from the bank and brought to him for safe-keeping, he told her to put the money in his coat pocket on "the right post of the bed and she said, no, I will take your money and put it in my room, etc."; that his wife would not stay at home during his illness and would irritate him by getting up and leaving him in his helpless condition when he told her he wanted to talk with her; that the treatment which he received from her was injurious to his health, "I just could not gain anything, lay awake at night and couldn't get over it, was in a highly nervous state. Lots of nights I didn't sleep, waking and just lying there."

In regard to the automobile in dispute, appellee testified that he tried to make a deal with appellant before they separated and after she turned down his proposition he said: "How about me taking the car and getting somebody to carry me somewhere, have got to find a place to stay, and she said 'No, there ain't anybody driving that car away from here.' So I told her, I said, 'Well, I will just see the sheriff about it.' And she got up and left and I don't know where she went and she wasn't there when I left and I didn't know when she came back or anything about it." In response to questions from the Court, appellee testified, among other things, that under the conditions "I just can't live with her." Although appellant testified at the trial concerning the property rights of the parties, she did not dispute any of the testimony of appellee relating to his alleged grounds for divorce and she did not testify to any fact showing or tending to show that she had any desire to live further with him as his wife.

After duly considering all the evidence in the case, we have concluded that it was sufficient to authorize the trial judge, in the exercise of the sound judicial discretion vested in him, to render a decree granting appellee a divorce on the ground of cruel treatment. Therefore, we overrule appellant's first point of error. McCullough v. McCullough, 120 Tex. 209, 36

S.W.2d 459; Glenn v. Glenn, Tex.Civ.App., 183 S.W.2d 231; Mortensen v. Mortensen, Tex.Civ.App., 186 S.W.2d 297; Bartels v. Bartels, Tex.Civ.App., 227 S.W.2d 260; Ingham v. Ingham, Tex.Civ.App., 240 S.W.2d 409. Mandamus refused.

■ Art. 4638 of Vernon's Tex.Civ. Stats. provides that the court pronouncing a decree of divorce shall also order a division of the estate of the parties "in such a way as the court shall deem just and right, having due regard to the rights of each party and their children, if any." While the court, in effecting a division of the estate of the parties, may not compel either party to divest himself or herself of the title to real estate, there is no inhibition against vesting the title and right of possession of personal property, such as the Studebaker automobile here involved, in either party, regardless of whether such personal property does or does not constitute a part of the separate estate of either spouse. Hedtke v. Hedtke, 112 Tex. 404, 248 S.W. 21; Blackburn v. Blackburn, Tex.Civ.App., 163 S.W.2d 251; Wilson v. Wilson, Tex. Civ.App., 225 S.W.2d 236; Hill v. Hill, Tex. Civ.App., 249 S.W.2d 654.

■ In the decree of divorce in this cause, the trial court found the items of personal property which constituted the estate of the parties herein and the cost of each item at the time it was purchased. The undisputed evidence shows, and the court found in effect, that the Studebaker automobile was purchased on September 29, 1950, at a cost of $1,150, the purchase price being represented by a check in the sum of $950 drawn against the bank account which appellee had with the Perry National Bank in the sum of $2,423 at the time of the marriage and an automobile of the trade in value of $200 which was owned by appellant at the time of marriage. In addition to the automobile, the parties also acquired a gas range stove at the cost of $252, a washing machine at the cost of $105, a lavatory at the cost of $51, and other items of personal property, the cost of which was not shown. The court further found in the decree that, "having due regard to the rights of each party, a division of the property in the following described manner will be just, right and equitable" and awarded to appellee the title and possession of the Studebaker automobile and to appellant the gas range, the washing machine, the lavatory and all of the other community property then in her possession. The evidence did not show that the Studebaker automobile constituted the separate property of appellee at the time it was acquired and we see no indication in the record that the trial court so regarded it. But, bearing in mind the source and nature of the funds and property that were used in acquiring the community estate of the parties, we think the evidence was amply sufficient to warrant the court in finding and concluding that the value of appellee's equitable interest in the property awarded to appellant was equal to or greater than the value of appellant's equitable interest in the Studebaker automobile.

Viewing the evidence as a whole in the light most favorable to sustain the judgment appealed from, as it is our duty under the circumstances to do, we cannot say the trial court abused its discretion by awarding to appellee the automobile in controversy. Therefore, we overrule appellant's second point of error.

Accordingly, the judgment of the court below is affirmed.