Wadad WAHEED, Appellant,

v.

Sled WAHEED, Appellee.

No. 4196.

Court of Civil Appeals of Texas.

Eastland.

Oct. 20, 1967.

R. J. Balch, Seymour, for appellant.

T. W. Bullington, Munday, for appellee.

WALTER, Justice.

Sied Waheed sued Wadad Waheed for a divorce and contended there was no community property. His wife filed a cross action asserting there was a community estate and asked that it be divided. Judgment was rendered dissolving the bonds of matrimony and decreeing that the parties owned no community property. Mrs. Waheed has appealed.

Mrs. Waheed contends the court erred in granting the divorce because the evidence introduced by her husband in support of his alleged grounds for a divorce, namely, cruel treatment, was not "full and satisfactory" as required by Article 4632 of Vernon's Ann.Tex.Civ.St. We agree with appellant's contentions that the findings of the trial court in granting a divorce are not binding on the appellate court as in other proceedings. However, after considering the evidence, we have concluded that the court's judgment dissolving the bonds of matrimony was rendered upon full and satisfactory evidence.

It was not necessary for Mr. Waheed to have shown actual violence or actual danger to his life under his allegations of cruelty. The test was whether or not Mrs. Waheed's conduct was of such a nature as to render their living together insupportable. Grisham v. Grisham, Tex.Civ.App., 255 S.W.2d 891. In Bartels v. Bartels, Tex.Civ.App.,

227 S.W.2d 260 (no writ history), the court said:

" 'The question as to whether the further living together of the parties is insupportable is peculiarly one of fact to be determined by the court or jury trying the case. Much latitude is allowed the court or jury in passing upon the grounds relied upon for divorce. The cruel treatment referred to in the statute has often been held to include injury to the feelings and sensibilities, as well as to physical acts of violence. It includes outrages upon the feelings * * * or a series of studied vexations and deliberate provocations without apprehension of personal violence.' Blackburn v. Blackburn, Tex.Civ. App., 163 S.W.2d 251, 255."

Mrs. Waheed also contends the court erred in holding there was no community property because there was insufficient evidence to support such a judgment. We hold there is merit in this contention. Article 4619 of V.T.C.S. is, in part, as follows:

"Sec. 1. All property acquired by either the husband or wife during marriage, except that which is the separate property of either, shall be deemed the common property of the husband and wife; and all the effects which the husband and wife possess at the time the marriage may be dissolved shall be regarded as common effects or gains, unless the contrary be satisfactorily proved."

In Tarver v. Tarver, 394 S.W.2d 780, the Supreme Court said:

"An evaluation of the legal rights of the parties must begin with that part of Article 4619, Sec. 1, Vernon's Texas Civil Statutes, which provides: ' * * * all the effects which the husband and wife possess at the time the marriage may be dissolved shall be regarded as common effects or gains, unless the contrary be satisfactorily proved. * * *' The plain wording of the statute creates a re-

buttable presumption that all property possessed by a husband and wife when their marriage is dissolved is their community property and imposes the burden upon one asserting otherwise to prove the contrary by satisfactory evidence. Wilson v. Wilson, 145 Tex. 607, 201 S.W.2d 226, 227 (1947); Chapman v. Allen, 15 Tex. 278, 283 (1855).

The general rule is that to discharge the burden imposed by the statute, a spouse, or one claiming through a spouse, must trace and clearly identify property claimed as separate property, Schmeltz v. Garey, 49 Tex. 49, 61 (1878); Chapman v. Allen, 15 Tex. 278, 283 (1855); Lindemood v. Evans, Tex.Civ.App., 166 S.W.2d 774 (1942), writ refused; and that when the evidence shows that separate and community property have been so commingled as to defy resegregation and identification, the burden is not discharged and the statutory presumption that the entire mass is community controls its disposition."

The Waheeds were married January 23, 1963 and separated February 28, 1967. The evidence conclusively shows that at the time of his marriage, Mr. Waheed owned the following property, as shown by his auditor's report:

"STATEMENT OF ASSETS AND LIABILITIES
as of January 1, 1963

ASSETS:

| | | |
|---|---|---|
| Cash on Hand | 17,000.00 | |
| Cash in Bank | 1,058.66 | |
| Inventory (Merchandise) | 32,527.29 | |
| Furniture and Fixtures | 3,291.92 | |
| Brick Buildings | 15,000.00 | |
| Less; Depreciation | (5,421.06) | |
| Residence (Frame) | 8,500.00 | |
| Frame Rent House | 9,430.00 | |
| Less: Depreciation | (1,312.50) | |
| 1961 Buick | 1,595.00 | |
| Furniture | 3,000.00 | |
| Accounts Receivable | 3,496.82 | |
| Boat and Motor | 1,000.00 | |
| 1953 Ford | 200.00 | |
| TOTAL NET ASSETS | | 89,366.13 |

Liabilities:

NOTES:

| | | |
|---|---|---|
| Kay Waheed (Store) | 2,000.00 | |
| Cameron Lumber Co. | | |
| Munday, Texas (Rent House) | 5,921.10 | |
| TOTAL LIABILITIES | | 7,921.10 |

NET WORTH:

| | | |
|---|---|---|
| as of 1–1–63 | | 81,445.03 |
| TOTAL LIABILITIES AND NET WORTH | | 89,366.13 " |

As shown by the auditor's report Mr. and Mrs. Waheed had the following property on February 28, 1967:

"SIED AND WADAD WAHEED
MUNDAY, TEXAS

STATEMENT OF ASSETS AND LIABILITIES:

as of February 28, 1967

ASSETS:

| | | |
|---|---|---|
| Cash in Bank | 3,233.74 | |
| Cash in Savings Account | | |
| (F and M Bank, Seymour Texas) | 10,000.00 | |
| Inventory (Merchandise) | 18,106.20 | |
| Furniture and Fixtures | 3,291.92 | |
| Brick Buildings | 15,000.00 | |
| Less; Depreciation | (9,291.92) | |
| Frame Residence | 8,750.00 | |
| 1964 Buick | 1,595.00 | |
| Furniture | 3,000.00 | |
| Accounts Receivable (Store) | 250.00 | |
| Note-Ray Hardin | 2,410.00 | |
| 1960 Ford | 200.00 | |
| TOTAL ASSETS | | 56,544.94 |

LIABILITIES:

| | | |
|---|---|---|
| Note; | | |
| Cameron Lumber Co. | | |
| Waco, Texas (Home) | 2,266.10 | |
| TOTAL LIABILITIES | | 2,266.10 |

NET WORTH:

| | |
|---|---|
| as of 2–28–67 | 54,278.84 |
| TOTAL LIABILITIES AND NET WORTH | 56,544.94." |

———◆———

We conclude there was insufficient evidence to sustain the finding that all of the assets listed above in the 1967 statement were Mr. Waheed's separate property.

Appellee owned a 1961 Buick, a boat and motor before marriage. During marriage, in March or April 1964, he traded the '61 Buick, boat and motor and $1900.00 in cash for the 1964 Buick. It is not clear whether the $1900.00 came from separate, community or commingled property.

Mr. Cecil Andrews, appellee's accountant, testified that the $10,000.00 in the Seymour Bank listed in the 1967 statement came "from the store from the sales within the store", and that he could not determine if this money was profit or capital. He further testified that it was impossible for him to determine if the inventory listed in the 1967 report came from profit investment or capital investment.

In Hardee v. Vincent, 136 Tex. 99, 147 S.W.2d 1072 (Com.Apps.1941), the court said:

"It was incumbent upon Mrs. Vincent to show that the money used in the purchase

of additional stocks of merchandise and fixtures came out of her separate estate. She attempted to do this by showing that the business belonged to her separate estate at the time of the conveyances to her on December 16, 1935. The case was tried on March 14, 1938, some two years and three months after the conveyances from Vincent. During such time, the stocks of merchandise and fixtures were bought and sold, thus presenting the all-important issue as to whether the money used in the purchases of such additional stocks of merchandise and fixtures was profits from the business or capital investment.

Absent proof that the money so used came out of the capital investment, which is the state of the record, the presumption of the law, that property acquired by either husband or wife during marriage belongs to the community estate of the husband and wife, controls in the present case. It follows from what has been said that the stock of merchandise and fixtures acquired after December 16, 1935, belonged to the community estate of Vincent and wife and is liable for the debts of the husband."

█ Upon a retrial of this case, if there is an issue based upon the fact that community funds were used to improve the husband's separate real estate, the amount of reimbursement should be determined by the amount of enhancement in value rather than the amount spent by the community. Lindsay v. Clayman, 151 Tex. 593, 254 S.W. 2d 777 (1952).

In so far as the judgment dissolves the bonds of matrimony between Mr. and Mrs. Waheed, the judgment is affirmed. In so far as it holds that the parties owned no community property, the judgment is reversed and the cause is remanded.