## MISSOURI–PACIFIC R. CO. v. WAUGH.
### No. 11474.

Court of Civil Appeals of Texas. Dallas.
June 23, 1934.

Rehearing Denied Sept. 29, 1934.

Leake, Henry & Young, of Dallas, for appellant.

Allen & Allen and E. G. Moseley, all of Dallas, for appellee.

LOONEY, Justice.

S. J. Waugh brought this suit against the Missouri-Pacific Railroad Company to recover damages alleged to have resulted from delay in the transportation of a carload of onion plants from Carrizo Springs, Tex., to Nevada, Mo. The shipment originated with the San Antonio-Uvalde & Gulf Railroad, and was delivered to defendant company at San Antonio. On arrival at Nevada, Mo., the plants were wilted and in a badly damaged condition, so much so that plaintiff suffered a loss of $2,044.65, for which amount judgment was rendered in his favor.

As an element of his cause of action, plaintiff alleged that, at the time the plants were delivered for shipment, the final destination had not been determined, so his agent instructed the agent of the initial carrier to route the shipment north from San Antonio over the line of the Missouri, Kansas & Texas Railroad Company, stating that a diversion order would be given at Dallas.

The evidence in regard to this matter is conflicting. The agent of the initial carrier testified that, when plaintiff's agent made the request, he was informed that the shipment would not be delivered to or routed over the Missouri, Kansas & Texas lines, unless the freight charges were prepaid or guaranteed, and, as neither was done, the shipment was not routed as requested; whereas Woodlock, plaintiff's agent, testified that said agent made no demand for prepayment to Dallas over the Missouri, Kansas & Texas lines, but said: "If I ship them out of the State, I would have to prepay the freight, so to avoid this, instruction was given to ship via M. K. & T. to Dallas, stating that the shipment would then go to a point in Missouri."

On a proper submission, the jury found that the onions were accepted by the initial carrier for shipment to San Antonio, and then north to Dallas, over the Missouri, Kansas & Texas lines, and that the failure of the carrier to route the shipment as requested was a proximate cause of the damaged condition of the plants, etc.

■ Defendant contends that it was not a party to the understanding in regard to the routing of the car out of San Antonio, in that it was not shown that the San Antonio-Uvalde & Gulf Railroad Company (the initial carrier) was a subsidiary of defendant company, or even that the shipment was delivered to defendant at San Antonio. We think defendant's position in this respect untenable. Mr. Russell, agent at Carrizo Springs, testified that the initial carrier was a subsidiary of the Missouri-Pacific lines; besides, the bill of lading issued at the time of delivery contains a marginal note, stating that the initial carrier was one of the "Missouri-Pacific lines"; furthermore, the fact that the car was transported by defendant from San Antonio to Nevada, Mo., is conclusive evidence that delivery of the shipment was received by it at San Antonio.

■ However, the issue as to the routing of the shipment may, in our opinion, be entirely ignored, whether determinable in favor of plaintiff or defendant, and the case may be decided on the issue as to the delay involved. The jury having found that unreasonable delay characterized the transportation, and the finding being sustained by evidence, we think a sufficient basis for the judgment was established.

■ The record discloses that the shipment originated at Carrizo Springs, Tex., with the San Antonio-Uvalde & Gulf Railroad, a subsidiary of the Missouri-Pacific system; that the car was loaded March 16, 1929, transported to San Antonio by the initial carrier, there delivered to defendant company, was by it transported north, reaching Dallas at 11:25 p. m. March 19th; the consignee was notified

and a diversion order given at 4:25 p. m. March 20th; the car departed from Dallas at 1 a. m. March 21st, and arrived at Nevada, Mo., 5 p. m. March 24th, after office hours, and was inspected and delivered the next day, March 25th; thus it appears that the car was in transit nine days. The evidence warrants the conclusion that the usual time for such a shipment from Carrizo Springs to Dallas was from 36 to 48 hours, and from the same region to Nevada, Mo., from three to four days, so we conclude that the jury was warranted in finding that the shipment was unreasonably delayed, and that such delay was the proximate cause of the damaged condition of the onion plants.

However, it is contended that, if the car had been properly iced, the plants would have arrived in good condition, and that plaintiff would have suffered no loss; hence the court erred in refusing to submit the requested issues regarding plaintiff's negligent failure to ice the car. The failure of plaintiff to ice the car was not set up as a defense; defendant's answer being simply a general demurrer and general denial. But, if the issue had been properly pleaded, it is doubtful if the evidence does more than arouse a suspicion that failure to ice the car hastened or contributed to the deteriorated condition of the plants. On this point, plaintiff's agent, Mr. Woodlock, testified as follows:

"Q. Then if they (plants) were going to be five days on the road in March out of Carrizo Springs, they ought to have had some ice? A. It would not have hurt them.

"Q. It would have helped them, wouldn't it? A. Unless they were unloaded mighty quick, it would.

"Q. You just testified if they were three days on the road or longer that they ought to have ice? A. It would be good for them.

"Q. (on cross-examination). This was a refrigerator car? A. Yes, but not under refrigeration.

"Q. It was perishable goods? A. Yes.

"Q. And perishable goods not under ice are more likely to perish than perishable goods under ice? A. Yes, sir."

■ The above is all the evidence on this phase of the case. To require the submission of an issue, the testimony must be sufficient to warrant a reasonable belief as to the existence of the fact sought to be inferred; evidence that creates merely a surmise is, in legal effect, no evidence, and insufficient to require a submission. See Wetzel v. Satterwhite, 59 Tex. Civ. App. 1, 125 S. W. 93; Tat-

um v. Orange & N. W. Ry. Co. (Tex. Civ. App.) 198 S. W. 348; Kirby Lbr. Co. v. Boyett (Tex. Civ. App.) 221 S. W. 669; Bishop-Babcock-Becker Co. v. Jennings (Tex. Civ. App.) 245 S. W. 104.

■ However, if it can be correctly said that the issue was properly raised by evidence, still the court committed no error in refusing its submission, because not raised by pleading. Proof of the delay, the damaged condition of the onion plants, and consequent loss in dollars and cents established plaintiff's cause of action at least prima facie; so, if it be true that the negligent failure of plaintiff to ice the car caused or contributed to these results, it was a matter independent of plaintiff's case, hence, to be available as a defense, should have been pleaded and proven. In Fox v. Dallas Hotel Co., 111 Tex. 461, 240 S. W. 517, 522, the Supreme Court announced the doctrine that: "In submitting either negligence or contributory negligence, special issues should be restricted to specific acts of negligence alleged and proven." Also in Liner v. U. S. Torpedo Co., 12 S.W.(2d) 552, 555, section B of the commission, speaking through Judge Speer, said: "An issue to be submitted must be raised not only by the evidence, but in the pleadings as well. A fact, however, thoroughly proved, will not support or authorize a judgment as to a matter not pleaded."

■ This doctrine, however, should not be confused with the rule applicable where, in developing his case, a plaintiff brings out evidence tending to show his own negligence, or assumption of risk, etc., as a contributing cause. In such situation, the defendant can take advantage of the evidence, even in the absence of a defensive plea, and same may be considered in determining from a preponderance of the evidence whether the act complained of was due to the fault of defendant. As stated by Judge Speer, in Liner v. U. S. Torpedo Co., supra: "This situation might, and would have, a bearing upon the question of the burden of proof in the case; but it would not, as held by the Court of Civil Appeals (300 S. W. 641), constitute an issue in the case in the absence of pleading." After an extended discussion of the subject, the Supreme Court, in Murray v. G., C. & S. F. Ry. Co., 73 Tex. 2, 6, 11 S. W. 125, 126, said: "The doctrine is in all our cases guarded, that if plaintiff's case develop his own want of care defendant can take advantage of it. If defendant relies upon contributory negligence not developed by the plaintiff's case, he must allege it. It is a defense in the nature of avoidance. (Citing authorities.) Under the rule, however, that plain-

tiff must make out his whole case, if it appear from the facts and circumstances attending the injury that his own negligence contributed to it, he must affirmatively show that he was excused or justified."

For reasons above stated, the judgment of the trial court is affirmed.

Affirmed.