TEXAS CITY TERMINAL RY. CO. v.
McLEMORE.

No. 12115.

Court of Civil Appeals of Texas.
Galveston.

Dec. 22, 1949.

Rehearing Denied Jan. 12, 1950.

Wigley, McLeod, Mills & Shirley, of Galveston, and Fulbright, Crooker, Freeman & Bates and M. S. McCorquodale, all of Houston, for appellant.

Markwell & Stubbs, of Galveston, and Faver & Barnes, of Jasper, for appellee.

MONTEITH, Chief Justice.

This action was brought by appellee, John D. McLemore, for the recovery from appellant, Texas City Terminal Railway Company, of damages for personal injuries alleged to have been sustained by him as a result of a collision on Highway 146, between Galveston and Texas City, between an automobile being driven by one J. L. Bryant, in which appellee was riding as a guest, and the rear of one of appellant's engines, which was moving backwards and pulling some 26 to 30 freight cars. The appellee alleged that the collision was the result of the negligent operation of the train by appellant's servants and employees in control of its train.

Appellant alleged numerous specific acts and omissions on the part of appellee and the driver of the car in which he was riding claimed to amount to contributory negligence proximately causing the collision.

In answer to special issues submitted, the jury found, in substance, among other facts, that the servants and employees of appellant had failed to sound the horn or ring the bell of the engine at a distance of at least 80 rods from the crossing; that they had failed to keep a proper lookout or to have warning signal lights or adequate headlights and that the train was being operated at an excessive rate of speed with inadequate headlights and brakes.

They found that the engineer of appellant's train had discovered that appellee and the automobile in which he was riding were in a position of peril, and that he could, by the use of ordinary care and the means at his command, consistent with the safety of the train he was operating, have avoided the collision, and that the negligence alleged by appellee was the proximate causes of appellee's injuries. All issues of contributory negligence on the part of appellee and the driver of the car in which he was riding were found in favor of appellee. Damages were assessed in favor of appellee in the sum of $69,449.00, and upon a remittitur by appellee of the sum of $22,449.00, judgment was rendered in his favor for $40,-000.00.

Under its first and second points of appeal appellant assigns error in the action of the trial court in refusing to submit its special issues Nos. 15 and 16 which inquired as to whether the automobile in which appellee was riding was equipped with adequate brakes in good working order and whether, if the jury so found, the driving of the automobile without adequate brakes was not the sole proximate cause of the accident in question.

No witnesses testified that the brakes on the Bryant automobile were in any way defective or inadequate. However, appellant introduced evidence to the effect that immediately prior to the collision two cars had stopped or were stopping at the crossing where the collision occurred to allow the train to pass and that the driver of the car in which appellee was riding pulled off of the pavement to the left side of the road in a claimed attempt to stop his car. There was testimony that skid marks were left on the highway from a point 37 feet from the point of the collision for a distance of 14 feet. Appellant contends that these facts indicate that the brakes on the Bryant car were inadequate.

■■ It is the established law in this State that to require the submission of an issue to a jury, the testimony must be sufficient to warrant a reasonable belief in the existence of the fact inquired about and that evidence which creates merely a surmise is, in legal effect, insufficient to require submission of an issue. Baylor University v. Chester Savings Bank, Tex.Civ.App., 82 S.W.2d 738; Missouri Pacific R. Co. v. Waugh, Tex.Civ.App., 74 S.W.2d 554, and the authorities there cited. Under this record, appellant's contentions cannot, we think, be sustained.

The trial court in this case heard the evidence in reference to the adequacy of the brakes on the Bryant car and in the exercise of his discretion, determined that it did not warrant a reasonable belief in the existence of the facts inquired about and that it was insufficient to justify the submission of the issues.

Under appropriate points, appellant assigns error in the action of the trial court in refusing to submit to the jury its requested issues as to whether appellee was guilty of contributory negligence.

■ Our courts have uniformly held that, save in exceptional cases, a guest or passenger in an automobile is not required to keep a constant lookout in order that he may not be held guilty of contributory negligence in the event the driver of the car in which he is riding commits a negligent act and that he is entitled to trust to the vigilance and skill of the driver unless he has reason to think that the driver is likely to be inattentive or careless. Edmiston v. Texas & N. O. R. Co., 135 Tex. 67, 138 S.W.2d 526; Harper v. Texas & P. R. Co., Tex.Civ.App., 146 S.W.2d 426.

■ There is no evidence in this record to the effect that appellee knew or had reason to think, that the driver of the car in which he was riding would be inattentive or careless or that he would commit a negligent act.

■ Further, the rule laid down by the text writers and supported by the great weight of authority by the Courts of this State and other jurisdictions is that if the pleadings and the evidence raise the issue of discovered peril and the jury finds upon that issue in favor of the injured party, the issues of primary negligence and contributory negligence become immaterial. Dallas Ry. & Terminal Co. v. Bankston (Supreme Court) Tex.Com.App., 51 S.W.2d 304, and authorities there cited.

Appellant relies on this appeal on the case of Northern Texas Traction Co. v. Woodall, Tex.Com.App., 299 S.W. 220, which holds that a jury's findings upon discovered peril did not render harmless its findings of primary and contributory negligence.

Appellant also contends that the refused issues as to the contributory negligence of appellee were raised by the evidence and that the findings of the jury on the issues which were submitted are immaterial in the determination of whether appellant was entitled to the submission of the refused issues, and that, if there was any evidence to sustain the findings of the jury on the issues on discovered peril, that these findings were contrary to the great and overwhelming preponderance of the evidence.

It is, we think, apparent from a careful reading of the case of Northern Texas Traction Co. v. Woodall, supra, that the courts holding in that case that the jury's findings upon discovered peril did not render harmless the failure of the trial court to submit an issue as to whether or not the negligence of a third party was the sole proximate cause of the injury was based on

the stated reason that a finding against the defendant on the issue of discovered peril and a finding that a third party's negligence was the sole proximate cause of the injuries sustained were in conflict and that one finding would preclude the other.

It is the settled law in this State that a jury question is raised if the evidence, viewed in its most favorable light—disregarding all evidence to the contrary and indulging every legitimate inference—substantially supports the material allegations upon which the issue is based, 41 Tex. Jur. 1041.

The jury, in the instant case, found, on what we deem to be sufficient evidence, that appellee was in a position of peril prior to the accident.

The evidence adduced in the trial of this case, discloses two conflicting theories of fact, the one supporting and the other refuting the contention of appellant that there was no evidence to justify the submission of the issues on discovered peril. The jury found that the engineer of appellant's engine discovered that he was in a position of peril within such time and distance that, by the exercise of ordinary care and the means at his control consistent with the safety of himself and his crew he could have avoided the collision and that he failed to exercise ordinary care to use the means at his command to do so.

It is the settled law that, where a jury and a trial judge, under conflicting evidence, resolved controlling issues of fact in plaintiff's favor on defendant's appeal, the findings of the trial court and the jury are conclusive insofar as the facts found affected the case, irrespective of whether or not this Court would have decided the issue in the same manner. Petroleum Producers Co. et al. v. Stolley, et al., Tex.Civ. App., 137 S.W.2d 207; Perry et al. v. Citizens Life Insurance Co., Tex.Civ.App., 163 S.W.2d 743; Oats et al. v. Dublin National Bank et al., 127 Tex. 2, 90 S.W.2d 824.

Under an appropriate point, appellant assigns error in the action of the trial court in granting leave to appellee over its objection to file an amended pleading alleging discovered peril, after both sides had completed all their evidence and after all witnesses had been excused.

The record reflects that appellee had pled discovered peril in the pleading upon which the case went to trial.

The court's qualifications and explanations of appellant's bill of exceptions to the trial court's action in granting appellee leave to file a trial amendment, discloses that when appellant's counsel announced that it would rest, counsel for appellee requested leave to file the trial amendment to amplify its allegations of discovered peril that, however, prior to that time the court had stated to appellant's counsel that appellee's counsel had some doubt about the sufficiency of his allegations of discovered peril and that he was contemplating asking the court for leave to amend his pleadings in that respect, and that when appellant's counsel stated to the court that a number of its witnesses were not then in attendance upon the court, the court informed him that ample time would be given him to get its witnesses back to court to fully develop its case and that appellant's counsel had then stated that it would decline to do this, but would insist upon its exceptions to the court's action in granting leave to file the amendment.

Under Rule 66, Texas Rules of Civil Procedure, which provides that the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby, and under the established rule that where leave to amend has been granted, an application for a continuance based on surprise is a prerequisite of reversal, the error of the trial court, if any, consists in denying the application for a continuance and not in allowing the amended pleading to be filed. Continental Paper Bag Co. et al. v. Bosworth, Tex.Com. App., 276 S.W. 170; Big Four Ice & Cold Storage Co. v. Williams, Tex.Civ.App., 9 S.W.2d 177; 8 Tex.Jur. Ten Year Supp. 140, 141, Sec. 91.

The rule as to the sufficiency of the evidence adduced to support the jury findings is that: "If, discarding all adverse evi-

dence and giving credit to all evidence that is favorable to the successful party and indulging every legitimate conclusion that is favorable to him, a jury might have found in his favor, then it is to be concluded there is evidence to support the verdict." 17 Tex. Jur. 910.

We have carefully examined all points of appeal presented in appellant's brief and also appellee's counter point requesting the remittitur required by the trial court be set aside, and having found no reversible error, the final judgment of the trial court is in all things affirmed.

Affirmed.