Willie K. CRUM, Appellant,

v.

John R. CRUM, Appellee.

No. 14981.

Court of Civil Appeals of Texas.

Dallas.

July 8, 1955.

Rehearing Denied Sept. 23, 1955.

W. V. Dunnam, Jr., Waco, for appellant.

Harry J. Baker and Warner Evans, Sherman, for appellee.

CRAMER, Justice.

This is an action for divorce by appellee John R. Crum based on cruel treatment and for custody of their minor child. The jury in answer to special issues found the necessary formal requirements to maintain the suit in Grayson County, and that the acts and conduct of appellant Willie K. Crum toward her husband constituted such excesses, cruel treatment, or outrages of such a nature as to render their further living together as husband and wife insupportable; that the welfare of the child would be best served by custody to the mother; found child support at $75 per month, and that $250 was reasonable attorney's fee for appellant.

From the trial court's judgment on the verdict Willie K. Crum has duly perfected this appeal, briefing seven points of error.

Points 1 to 5 inclusive, briefed together, assert error in denying her (1) motion for instructed verdict, and (2) motion for judgment n. o. v.; in holding (3) there was no evidence, and (4) there was insufficient evidence to support the jury's findings on cruel treatment; and (5) in not holding the jury's finding on cruel treatment was not supported by full and satisfactory evidence. These points are countered that the finding that the issue of cruel treatment or outrages were of such a nature as to render their further living together insupportable, was based on full and satisfactory evidence. The record shows the issues were fully developed and directly controverted by the parties, that John R. Crum's evidence was based primarily on his wife's mental cruelty toward him.

■ Our Supreme Court, by adopting the Commission of Appeals' opinion in McCullough v. McCullough, 120 Tex. 209, 36 S.W.2d 459, has settled the question that mental cruelty, if it meets the statutory test as being of such a nature that it renders their further living together insupportable, is sufficient to sustain a decree of divorce. Such holding does not change the statutory rule that although the jury has found cruel treatment from a preponderance of the evidence, such evidence must also be full and satisfactory, both to the trial court and to this Court. If the jury verdict that the evidence on cruel treatment was of such a nature as rendered the parties' further living together insupportable, was not satisfactory to the trial court, the trial court would have set aside the verdict or granted a new trial. His action in rendering judgment on the verdict was a finding that the evidence was full and satisfactory to him. It is now our duty, however, to examine the record and determine whether the evidence is full and satisfactory to this Court and, by that test, supports the judgment appealed from. The material portion of the evidence sustaining the trial court's judgment shows the parties married July 18, 1943 and that at that time they were both in Military service; that about a month later they were separated involuntarily by transfer, but were reunited again in November 1945 and lived together until appellee re-entered the Service in 1948, which appellee testified was after he and his wife had discussed the matter, and his wife had no objection. The evidence, without detailing it, favorable to the trial court's judgment, was that from then on they did not get along; fussed, fumed, and fought practically from the beginning. There was conflicting testimony as to who caused this condition, but without detailing it, the evidence in our opinion made a question of fact for the jury on cruel treatment and the jury found such issue against appellant. Our detailed examination of the record convinces us that we cannot hold that the evidence was not full and satisfactory, or that the trial court abused his discretion in entering judgment on the jury's verdict. Points 1 to 5 are overruled.

Points 6 and 7 assert error in the charge, (6) wherein it failed to restrict the findings of the jury on cruel treatment to acts or conduct of appellant subsequent to April 1953, when they separated; and (7) in presenting appellant's affirmative defense of condonation in a negative manner instead of an affirmative manner as presented by her in her requested issues 1 and 2, and, in connection therewith, her requested definition.

Appellee in substance counters the above that the court did not err (a) in failing to restrict the finding to issue 2 to acts or conduct subsequent to April 1953; (b) in refusing requested issues 1 and 2; (c) in refusing issues on condonation, there being no pleading or evidence of condonation; (d) since the mere fact that the parties did not separate until April 1953, did not as a matter of law constitute condonation; (e) because condonation is conditional and limited, especially on the ground of cruel treatment and the evidence here shows acts of cruel treatment by appellant since April 1953; therefore the prior acts were revived and if there had been subsequent cruel treatment it would have been error to submit issues or instruct the jury on condonation.

The evidence here does not show the parties to have been separated in January 1953;

the evidence on which the requested issues on condonation are based was given when John R. Crum was passed for recross-examination as a witness, and is as follows:

"Q. Sergeant, I believe in 1953, in January, you and your wife were living together as man and wife, is that right? A. Yes, I guess it is.

"Q. You separated in April 1953? A. Correct.

"Q. From January 1953 until April 1953, you lived together as man and wife? A. That is right.

"Q. And your daughter lived with you. That is right, isn't it? A. That is right.

"Q. And you separated on April 23, 1953, and you have never lived with her since? A. Correct."

Omitting formal parts, the requested issues were: No. 1: "Do you find from a preponderance of the evidence, if any, that plaintiff and defendant lived and cohabited together as man and wife from January 1953, continuously up to the date of their separation in April of 1953?" No. 2: "Do you find from a preponderance of the evidence, if any, that by cohabiting together as man and wife from January 1953 to April 1953, plaintiff condoned all prior acts of cruel treatment by defendant, if any?" The requested definition was as follows: "By the term 'condonation' is meant forgiveness upon condition that the injury shall not be repeated and such forgiveness being dependent upon future good usage and conjugal kindness."

The trial court refused the requested issues and definition, and charged the jury in connection with issue No. 2 in the following language: "In answering the above issue, you will not consider acts of cruelty, if any, which have been condoned or forgiven by plaintiff, and have not been repeated. And in this connection you are instructed that condonation consists in forgiveness upon condition that the injury shall not be repeated, and is dependent upon future good usage and conjugal kindness."

 Under such record there were no issues for the jury on condonation as of January 1953, for the reason that the evidence shows no separation on or before that date, and that the cruel treatment was continuous and cumulative both before, at, and after that date. The requested issues were therefore properly refused by the trial court.

Points 6 and 7 are overruled.

Finding no reversible error in the trial court's judgment, it is

Affirmed.