Lilly B. ALLEN, Appellant,

v.

H. N. ALLEN, Appellee.

No. 12912.

Court of Civil Appeals of Texas.

Galveston.

Dec. 1, 1955.

Rehearing Denied. Dec. 22, 1955.

Leon Weinberg, Houston, Bernard A. Golding, Houston, of counsel, on appeal only, for appellant.

Peter P. Cheswick, Houston, for appellee.

HAMBLEN, Chief Justice.

This is a suit filed by appellee, H. N. Allen, against appellant, Lilly B. Allen, for divorce, division of community property and for reimbursement for some $6,500

expended by appellee in improving the separate property of appellant. Appellant answered by general denial; alleged that any money expended by appellee to improve her separate property was a gift; and by cross-action sought a divorce herself.

The first trial of this suit resulted in a judgment of divorce granted upon the cross-action of appellant. That judgment was reversed by the Court of Civil Appeals, Waco, and the cause was remanded. 267 S.W.2d 911.

Upon retrial, the District Court of Harris County entered judgment granting a divorce to appellee, found that appellee used his separate funds in the sum of $5,172.52 with which to improve the separate property of appellant, and granted judgment in favor of appellee against appellant for such sum. All other relief sought by either party was denied.

■ The judgment is attacked by appellant in three points of error, the first being to the effect that the evidence is wholly insufficient to establish grounds for divorce. The record reflects that the divorce was sought on the ground that appellant had been guilty of excesses, cruel treatment, or outrages toward appellee of such a nature as to render their further living together insupportable. Appellee testified to threatening conduct on the part of appellant, accompanied by attempted assaults on two occasions, once with a knife, and once with a pair of shears. It appears to be appellant's position that appellee failed to establish that such conduct by appellant was of such nature as to render further living together insupportable. She supports her position by reference to the statement of facts wherein it is disclosed that in response to questions as to whether such acts by appellant would make it impossible to live with her as her husband, appellee made conditional or equivocal answers such as: "That all depends", "At that time, yes, sir." and "Well, I don't think so." In written form, such responses do appear to be equivocal, and to lend support to appellant's contention. However, it must be borne in mind that the written transcription of testimony cannot reflect the inflection and emphasis of the spoken word which so greatly affects the thought conveyed thereby. As an example, the words, "Well, I don't think so," can on the one hand be conditional and equivocal, and on the other hand, emphatic and unequivocal, depending upon the inflection and emphasis employed by the speaker. Only the trial court is in a position to properly evaluate testimony from that standpoint, and if the record supports the judgment, it must be upheld. Appellant's first point is overruled.

■ By her points two and three, appellant complains of the money judgment in favor of appellee for the sum of $5,172.52, because the evidence conclusively shows that any advance of funds by appellee to appellant was originally agreed to be a loan repayable $100 per month, which agreement was later amended to the effect that in consideration of the marriage of the parties each was to own a one-half interest in the property improved. We overrule both points. The agreements asserted by appellant were not evidenced by any writing, and the oral testimony relating thereto is vague and indefinite, and by no means conclusive. No complaint is made that the judgment of the trial court, in so far as it undertakes to divide the estates of the parties, is to any extent unfair or unjust. There is ample support in the record for the finding as to the amount advanced by appellee. By statute, the court is prohibited from compelling either party to divest himself or herself of the title to real estate. Vernon's Ann.Civ.St. art. 4638. Subject to that limitation, it has been repeatedly held that the trial court, in granting a divorce, has broad discretion in dividing the property of the parties, and, unless such discretion is abused, such division will not be disturbed on appeal. No abuse of discretion is here shown.

■ By cross point appellee complains of the failure of the trial court to impress an equitable lien against the separate property of appellant to secure payment of the

money judgment which was awarded to appellee. In support of such cross point appellee cites Dakan v. Dakan, 125 Tex. 305, 83 S.W.2d 620, and Smith v. Smith, Tex. Civ.App., 187 S.W.2d 116; as authority for the proposition that it is not the policy of the law to bestow a right without furnishing a remedy for its enforcement, and that in proper cases, it is not error for the court to impress an equitable lien against property of one spouse in order to enforce the satisfaction of a money judgment in favor of the other. The authorities cited have no application to the facts here presented. Appellee offered in evidence an inventory, the correctness of which was sworn to by appellant, establishing that she was the owner of separate property, subject to execution, of a value in excess of $44,000. The money judgment in favor of appellee expressly provides that he shall have his execution for its enforcement. The adequacy of the legal remedy is apparent. The equitable lien sought by appellee could afford him no better remedy. If any error was committed, it is manifestly harmless.

Judgment affirmed.