Gertrude DIRKS, Appellant,

v.

Leland Walter DIRKS, Appellee.

No. 13133.

Court of Civil Appeals of Texas.

San Antonio.

April 3, 1957.

Rehearing Denied May 29, 1957.

Russell S. Ponder, San Antonio, John N. Barnhart, Beeville, for appellant.

Wade & Wade, Beeville, for appellee.

W. O. MURRAY, Chief Justice.

This suit was instituted by Leland Walter Dirks against Gertrude Dirks, seeking a divorce. The trial was to a jury and, based upon the answer of the jury to the special issue submitted, judgment was rendered

granting the divorce, and Gertrude Dirks has prosecuted this appeal. Appellant's first two points raise the question of the sufficiency of the evidence and the lack of full and satisfactory evidence.

Appellee first became acquainted with appellant in June, 1954, shortly after his wife and some of his children were in an automobile accident near Mobile, Alabama. Appellee's wife was killed and his son seriously injured, necessitating his hospitalization at Mobile for some time.

Appellant was a resident in Mobile at the time. She was a widow fifty years of age and did volunteer auxiliary work on Sundays at the Mobile Infirmary, where appellee's son was hospitalized. An ardent courtship followed soon after appellant and appellee became acquainted, and appellee showered attentions and favors upon appellant and proposed marriage to her as early as July, 1954, and several times thereafter until she consented, and they were married on September 7, 1955. Following the wedding the couple took a trip to Colorado, New Mexico, Nevada, and other points West, and arrived at appellee's home in Tuleta, Bee County, Texas, on or about September 30, 1955. Appellee filed suit for divorce on December 1, 1955, and appellant first learned of such action that evening when she was served with citation while she and appellee were together in their home in Tuleta. Appellee was also past fifty years of age and both parties had children by a prior marriage. There were no children of the present marriage.

Appellee testified that immediately after their marriage appellant began to "raise sand." She complained because he purchased an automobile which had been driven one thousand miles, instead of a new one, for their wedding trip. They stopped at what appellee thought were very nice hotels, but she called them "Junk Shops." On one occasion she refused to unpack, but finally did so when appellee explained that he could not go elsewhere because his friends had made the reservation for him

and he was not going to offend them. Throughout their honeymoon trip appellee was embarrassed by her constant criticism of his eating habits. She didn't like his home in Tuleta, she called it obsolete—a "junk shop." Shortly after their marriage appellee was talking to Mrs. Davenport, an old friend, and appellant interrupted and told him to shut up. He paid a neighbor twenty dollars for looking after his elderly father while they were in Dallas for a football game, and she made some cryptic remarks about it. She also accused their neighbor of stealing a tablecloth. She complained about his going to see his children who lived nearby. She threw an ash tray at him. She threw a cup of coffee in his face, and also threw a plate of food across the table at him. On the occasion of their separation she accused him of spitting in the lavatory, which he denied, saying that he spit in the commode. When he followed her into the kitchen she slapped him two or three times, shoved him out the door and almost slammed the door on his hand. She called him a "bastard" on several occasions. She spent money lavishly, and when he told her she had spent $2,000 in one month she replied, "Well, who cares?" During the three months they were married he lost from thirteen to eighteen pounds, as a result of this treatment. He stated: "I was a nervous wreck and I was fixing to be a financial wreck, and it is a very good possibility that in a matter of months I would have been in the hospital with a nervous breakdown, * * * under the circumstances that existed in our home."

The jury found, in answer to the special issue submitted to them, that the acts and conduct of the defendant, Mrs. Gertrude Dirks, toward the plaintiff, Leland Walter Dirks, "constituted such excesses or cruel treatment of such a nature as to render their further living together as husband and wife insupportable." We are unable to say that this finding was not supported by full and satisfactory evidence, as is required by the provisions of Art. 4632, Vernon's Ann.Civ.Stats. Turner v. Turner,

Tex.Civ.App., 289 S.W.2d 836; Allen v. Allen, Tex.Civ.App., 284 S.W.2d 774; Crum v. Crum, Tex.Civ.App., 282 S.W.2d 280; Finn v. Finn, Tex.Civ.App., 195 S.W.2d 679; Mortensen v. Mortensen, Tex.Civ.App., 186 S.W.2d 297.

Appellant next contends that the court erred in not submitting the following special issues which were requested by her:

"Special Issue Number 2

"Do you find from a preponderance of the evidence, that the excesses or cruel treatment of Defendant toward the Plaintiff, if any, were provoked by any act or conduct on the part of Plaintiff toward the Defendant?

"Special Issue Number 6

"Do you find from a preponderance of the evidence, that the Plaintiff and Defendant were equally guilty of excesses or cruel treatment toward one another?

"Special Issue Number 7

"Do you find from a preponderance of the evidence, that the excesses and cruel treatment of Defendant toward the Plaintiff, if any, were provoked by misconduct of Plaintiff of the same general character as the misconduct of the Defendant, and such acts of misconduct of Plaintiff were reasonably calculated to provoke the Defendant's misconduct, if any?"

These issues were requested under the theory that provocation or recrimination was raised as a defense. Appellant flatly denied that she ever committed any of the acts of physical violence charged by appellee. She simply said no such things ever happened. This does not raise the issue of provocation or recrimination. Appellant contends that at a hearing on temporary alimony she did testify that appellant struck her several times and cursed and ordered her out of the house at least four times. This testimony was not introduced in this case, is not before us, and cannot be considered by us. The defense of recrimination simply was not raised. Carter v. Carter, Tex.Civ.App., 151 S.W.2d 884; 15 Tex.Jur. pp. 493 to 498; 19 C.J. 78; 27 C.J.S. Divorce § 56.

There may have been evidence here that the lavish spending of money was provoked or invited by appellee, but to have submitted this matter to the jury in a special issue would have been submitting to the jury an issue which was not an ultimate issue.

It occurs to us that the matter of recrimination in this case, if presented to the jury at all, should have been by a proper instruction rather than by issues. The real grounds for divorce here were the acts of violence committed by appellant upon appellee, and there is no evidence that these were caused by the misconduct of the appellee.

Appellant next contends that the court committed reversible error in giving additional written instructions to the jury after they had retired to consider their verdict. After the jury was out for some time, they returned into open court and made the following written request to the court:

"May evidence of acts and conduct of the defendant prior to Sept. 7, 1955 and subsequent to Dec. 1 be considered by the jury in determining if their living together is insupportable?"

The court gave the following answer to the jury:

"Ladies and Gentlemen of the Jury. In reply to your inquiry, you are instructed.

"You may consider all evidence of acts and conduct of the defendant taking place prior to Sept. 7, 1955 and subsequent to December 1, 1955, in so far as such evidence may bear upon the issue as to whether their further living together is insupportable."

Appellant filed certain exceptions to the answer of the court, but the record does not show that such objections were presented to the court and acted upon by him. Exceptions to a court's charge are waived unless presented to the court and acted upon by him. Rules 274 and 276, Texas Rules of Civil Procedure.

 The instruction given by the trial judge was probably erroneous, but in the absence of a proper bill of exception there is no reversible error shown. Marshall v. Huron, Tex.Civ.App., 274 S.W.2d 572.

Appellant contends by points Nos. Six, Seven, Eight and Nine, that the court erred in admitting the testimony of the witnesses, Gertrude Dirks, Leland Walter Dirks and Estelle MacDonald, relating to things that happened prior to Sept. 7, 1955, the date of the wedding, and subsequent to December 1, 1955, the date suit for divorce was filed. Appellant does not set out any particular evidence she is referring to, nor what her objection was to such testimony, or what the ruling of the court was on such objections. Appellee contends that much of the testimony was not objected to, some of it was later introduced by appellant, and that no motion to strike the testimony was made. Under the circumstances no reversible error is brought to our attention.

Appellant contends by Point No. Five, that the court committed reversible error in permitting appellee to file a trial amendment after the trial had begun. Under all the facts shown, this was a matter addressed to the discretion of the trial court and no abuse of that discretion is here established.

Appellant did not file and present a motion for a continuance, based upon the ground of surprise, when the trial amendment was filed. Such a motion is essential before the filing of a trial amendment will constitute reversible error. Rule 66, T.R.C.P.; Texas Emp. Ins. Ass'n v. Sanders, Tex.Civ.App., 265 S.W.2d 219; Texas City Terminal Ry. Co. v. McLemore, Tex.Civ.App., 225 S.W.2d 1007; Packard-Dallas, Inc., v. Carle, Tex.Civ.App., 163 S.W.2d 735.

Appellant did make a motion for continuance before the trial began, but this motion was without merit and the overruling of it was not reversible error.

Appellant lastly contends that one of the attorneys for appellee made an improper argument to the jury. There is no approved bill of exception showing that any improper argument was so made to the jury and in the absence thereof no reversible error is shown. Ft. Worth & Denver Ry. Co. v. Ferguson, Tex.Civ.App., 261 S.W.2d 874; McGee v. McGee, Tex.Civ.App., 237 S.W.2d 778; Associated Emp. Lloyds v. Wynn, Tex.Civ.App., 230 S.W.2d 838; 3–A Tex.Jur. 487, § 392.

The judgment is affirmed.