**Mabel E. CROSSLEY, Appellant,**

v.

**Luther V. CROSSLEY, Appellee.**

**No. 13220.**

Court of Civil Appeals of Texas.

San Antonio.

Oct. 16, 1957.

Rehearing Denied Nov. 6, 1957.

Joe Burkett, San Antonio, for appellant.

Luther M. Bickett, San Antonio, for appellee.

POPE, Justice.

Appellant, Mabel E. Crossley, has appealed from a decree for divorce in favor of her husband. After the court entered the decree, appellant employed different counsel, who filed a motion for new trial which was denied. Appellant urges as ground for a reversal (1) that general allegations of cruelty will not support a decree; (2) that there was not full and satisfactory evidence in support of the divorce, and (3) that the court erred in refusing to compel the appellee husband to give testimony on oral deposition after the trial, and also in refusing to permit the introduction of testimony on the motion for new trial. The points have no merit.

■ The general allegations of cruelty were sufficient in the absence of a special exception. McCullough v. McCullough, 120 Tex. 209, 36 S.W.2d 459; Kollenborn v. Kollenborn, Tex.Civ.App., 273 S.W.2d 660; Blackburn v. Blackburn, Tex.Civ.App., 163 S.W.2d 251.

■ The evidence which supports the decree shows that the parties have been married since 1932, they have no children, and they separated three times before the divorce action. The wife harassed the husband continually and was critical of all his actions. She falsely accused him of infidelity, told him she cared nothing whatsoever for him, and on one occasion called him vile and profane names. The husband suffers from a heart condition, is unable to sleep, is sick and nervous, and that condition, according to the husband, was caused by his wife's conduct toward him. The husband is unable to work because of the condition of his health. He stated that they definitely can not live together again. The wife disputed all of these charges, but we are unable to say that the decree does not have full and satisfactory support. Crum v. Crum, Tex.Civ.App., 282 S.W.2d 280; Young v. Young, Tex.Civ.App., 257 S.W.2d 443; Grisham v. Grisham, Tex.Civ. App., 255 S.W.2d 891; Blackburn v. Blackburn, supra.

■■ After the trial and after the decree was entered, appellant sought to take appellee's oral deposition but he refused to be sworn. On a hearing of a motion for new trial appellant endeavored to testify and also to call appellee for the purpose of cross-examining him. The court did not permit either to testify. This is assigned as error. Appellant does not assert that she discovered anything new or different from what she either testified about or could have proved on the trial of the case. A motion for new trial is not a vehicle through which the case may be tried over or tried differently. She does not contend that there is any newly discovered evidence. The court properly refused to reopen the case. 4 McDonald, Texas Civil Practice, Sec. 1816.

The judgment is affirmed.