**Harold ROSENTHAL, Appellant,**

v.

**Irene ROSENTHAL, Appellee.**

No. 13312.

Court of Civil Appeals of Texas.

San Antonio.

March 12, 1958.

Herman Glosserman, San Antonio, for appellant.

Lang, Byrd, Cross, Ladon & Oppenheimer, Perry D. Davis, Jr., San Antonio, for appellee.

W. O. MURRAY, Chief Justice.

In this cause appellee, Irene Rosenthal, sued her husband, Harold Rosenthal, for a divorce. The Rosenthals were married in Little Rock, Arkansas, on March 8, 1942, and lived together as husband and wife until March 30, 1957. Thereafter, on April 12, 1957, this suit was instituted. The grounds for the divorce were set forth in the petition in the following general language:

> "That while plaintiff lived with defendant he was guilty of excesses, cruel treatment and outrages toward her, which were of such a nature as to render their further living together as husband and wife insupportable."

The trial was before the court and resulted in judgment granting the divorce and dividing the property equally between the spouses. There were no children. Harold Rosenthal has prosecuted this appeal.

Appellant's first contention is that the judgment is not supported by full and satisfactory evidence, as is required by the provisions of Art. 4632, Vernon's Ann. Civ.Stats. Let us here review the evidence in the light of this contention.

At the time appellant and appellee were married, appellant was in the U. S. Army, and appellee was working as a waitress. After appellant was discharged from the Army they moved to Chicago. In 1946 appellant struck appellee in the face and also bruised her leg. She was embarrassed to go to work the next day with bruises on her face. While living in Chicago appellant gave a scarf to a Greek waitress.

In 1951, the couple moved to San Antonio and resided in what appellee called a roach-ridden apartment. She wanted to move to a new home, which they finally did, but appellant would not help her move nor let her employ anyone to help her. She moved 1,500 pounds of furniture by herself. Appellant refused to help her landscape the yard and so she also did this by herself. One day while she was watering the lawn appellant came home and screamed, "Get in the house and get my dinner. When I come home I want it on the table." They then had a discussion and she told appellant that marriage was a partnership deal. He replied, "yes, but in every partnership one person has to be the boss, and I'm your boss and you do as I say." This he said to her many times thereafter. When the argument was over, appellant's brother Bob Rosenthal called them over to his house and when they returned appellant threatened to kill her, in a fit of temper. They engaged in the building business in San Antonio from 1951 to 1957, and in spite of their marital troubles they prospered and accumulated considerable wealth. Their estate at the time of their separation was estimated to have a value of $111,000.

She liked to have friends visit them, but appellant was so discourteous to her guests that to save embarrassment she ceased in-

viting them to visit in their home. Appellant gave her no voice in any decisions. He constantly reminded her that he was the boss. It got to where she felt extremely ill at ease in her own home. She became extremely nervous and had pains in her stomach. Her eyes and her face began to twitch. Appellant would go two weeks without even speaking to her. These long periods of silence were quite frequent during the last two years of their marriage.

Appellant would make insulting remarks within the sanctity of their bedroom. More than once these remarks caused her to get up and out of bed and go into the front bedroom and cry until 4:00 o'clock in the morning. She learned that appellant had been going to houses of prostitution for the purpose of having sexual relations with prostitutes.

On March 22, 1957, appellant became enraged during a conversation with his brother and called him vile names. When appellee asked him to watch his language, he rushed into the kitchen where she was, caught hold of her, pulled off her glasses and then pulled off his glasses and began striking her. She suffered a large bruise on her arm, her shoulder was sore for several days, and she sustained a gouge in her forehead. There were other disturbances between the parties, but we have set forth their principal difficulties. There were, of course, contradictions in the evidence. Appellant denied some of the charges and others he undertook to explain away, but this only raises a question of credibility of witnesses and the trial court has given credence to the testimony of appellee.

The evidence was full, clear and satisfactory and supports the judgment of divorce. Crossley v. Crossley, Tex.Civ.App., 306 S.W.2d 388; Dirks v. Dirks, Tex.Civ.App., 302 S.W.2d 471; Mortensen v. Mortensen, Tex.Civ.App., 186 S.W.2d 297, 298; Art. 4632, Vernon's Ann.Civ.Stats.

■ Appellant's next point is that appellee condoned all of the acts complained of by her. We do not agree. Appellant bases this point largely upon the contention that appellee had such information as would have convinced any reasonable person that he had been frequenting houses of prostitution on February 1, 1957, and she did not move out of their home until March 30, 1957. Appellee testified that she talked over the phone to a proprietress of a house of prostitution on or about February 1, 1957, and from what she was told she believed her husband was guilty, but she was not certain until he virtually admitted it on a meeting between them in April, 1957. Appellant's sister and her husband visited them in March, 1957, and appellee kept up appearances during such time and even went on a trip to Mexico with them, without disclosing in any way that she had ceased to be a real wife to appellant. Under all of the facts and circumstances, appellee did not condone appellant's acts of frequenting houses of prostitution.

■ Appellant's next point is that the judgment must be set aside because it is based upon uncorroborated testimony of appellee. A divorce may be granted upon the uncorroborated testimony of one of the spouses if it is believed by the court. Mortensen v. Mortensen, Tex.Civ.App., 186 S.W.2d 297, 298.

The judgment is affirmed.