Juan D. GALAVIZ, Appellant,

v.

C. H. LANGDEAU, Receiver of Highway Insurance Underwriters, Appellee.

No. 10903.

Court of Civil Appeals of Texas.

Austin.

Dec. 6, 1961.

Richard Kaufman, Arthur Mitchell, Austin, for appellant.

Cecil C. Rotsch, F. William Colburn, John R. Grace, Austin, for appellee.

RICHARDS, Justice.

Suit was brought by Juan D. Galaviz, appellant, against C. H. Langdeau, Receiver of Highway Insurance Underwriters, appellee, to recover the value of a 1955 Mack truck, Motor No. END 673–4897, which was destroyed by fire in Milam County on or about January 13, 1957 and which had been insured by Highway Insurance Underwriters, hereinafter referred to as Highway, prior to receivership, under a policy issued to Jesse Kirk, Jr., who was alleged to be appellant's agent. Appellant in his original and first supplemental petitions alleged that he was the owner of the truck in question although the legal title was in the name of Jesse Kirk, Jr.; that in April, 1957 appellant came to Highway's office and made an affidavit that he was the owner of the truck and that the proceeds from the policy issued by Highway to Kirk insuring the truck were due and payable to him. On May 27, 1958, Highway was placed in receivership under the provisions of Art. 21.28 of the Insurance Code, Vernon's Civil Statutes, in Cause No. 110,221, styled State of Texas v. Highway Insurance Underwriters et al., in the 126th District Court of Travis County, Texas and appellee was duly appointed Receiver.

Appellant further alleged that although he had duly filed a claim with Highway before appellee had been appointed Receiver of the insurer, the Receiver failed to notify appellant of the receivership and his appointment as required by Section 3(a), Art. 21.28 of the Insurance Code and that it was not until November 30, 1959 that appellant first learned that appellee was taking the position that appellant owned no interest in the truck and was therefore not entitled to any notice to file his claim under the statute and since he had duly performed all of the terms and conditions of the policy of insur-

ance and made demand for payment of the fair and reasonable value of the property at the time of the loss, he was entitled to damages in the sum of $6300.00. In appellant's first trial amendment filed December 21, 1960 the amount of damages was increased to $8950.00.

In his first amended original answer, appellee specially excepted to appellant's allegations (1) that the policy of insurance was issued to Jesse Kirk, Jr. as appellant's agent; (2) that appellant had complied with all of the jurisdictional requirements to bring the suit under the provisions of Art. 21.28 of the Insurance Code; (3) that the suit was filed within the time provided by Art. 21.28; (4) that appellant had performed the terms and conditions of the policy of insurance on his part to be performed and (5) to the prayer for money damages since the only relief sought was an order of the Court directing the Receiver to approve appellant's claim as a general unsecured creditor for a sum certain.

The case was tried to the Court without a jury and on December 21, 1960 at the close of the testimony after appellant had rested but before appellee had rested, appellee moved the Court to strike all of the testimony in the record with reference to an assignment of the proceeds of the policy of insurance issued by Highway for the reason that the testimony was not supported by the pleadings. Appellant then informed the Court of his intention to file a trial amendment in writing which was permitted by the Trial Court, who declined to announce judgment at that time. On January 6, 1691 appellant filed his second trial amendment and on January 18, 1961 appellee filed a motion to strike such trial amendment.

After a hearing on the motion to strike on February 23, 1961 the Trial Court entered judgment on March 13, 1961 (1) sustaining appellee's special exceptions to plaintiff's *original* petition, (2) sustaining appellee's motion to strike all testimony and other evidence offered by appellant which was not supported by the pleadings on file on Decem-

ber 21, 1960, (3) sustaining appellee's motion to strike appellant's trial amendment and (4) that appellant take nothing by his suit, from which judgment this appeal has been perfected.

Appellant urges two points of error by the Trial Court in entering the "take nothing" judgment, the first being that there was error in refusing to place appellant's claim on the Receiver's list of claims for payment in administering the receivership because there was a reasonable excuse for the delay in filing his claim with the Receiver since appellant had fulfilled all the requisites necessary to file such claim with the Receiver. The second point of error is based on the action of the Trial Court in striking appellant's second trial amendment after the same had been filed with leave of Court in conformity with the evidence introduced upon the trial of the cause.

Since appellee states in his brief that appellant's first point is entirely dependent upon his second point because unless error is shown by the action of the Trial Court in striking appellant's second trial amendment, then no error is reflected by the Court's action in refusing to place appellant's claim on the Receiver's list of claims for payment in the administration of the receivership, we will first discuss and dispose of appellant's second point of error.

In order to pass upon this point it is unnecessary to state in detail the evidence adduced by appellant upon the trial since it is apparent from appellant's second trial amendment that the only evidence presented upon the trial which was alleged in the second trial amendment which constituted a variance from the original pleadings on file on December 21, 1957 is that in his original pleadings appellant alleged that he was the *owner* of the truck in question although the legal title was in the name of Jesse Kirk, Jr., while in the trial amendment he alleged that on or about April 15, 1957 in consideration of valuable services performed by appellant during the course of his employment by Kirk and for other valuable considera-

tion Kirk orally *assigned* to appellant all rights to the insurance proceeds for the damage to the truck in question including the rights to collect any judgments against Highway whether in a suit instituted by Kirk or by appellant.

In fact, appellee concedes in his motion to strike appellant's second trial amendment that the amendment completely repleaded all the facts upon which appellant attempted to recover against appellee, whether the facts were already contained in previous pleadings or not.

The testimony of appellant's witnesses, including appellant himself, together with the exhibits introduced in evidence, are to some extent contradictory but considering all of the pleadings including the second trial amendment and the evidence adduced upon the trial by appellant, only one question was presented for the Trial Court's decision: Did appellant have a reasonable excuse for his failure to file a claim with the Receiver in the receivership proceedings for his interest in the proceeds of the insurance policy issued by Highway to Kirk as the insured for the loss and damage to the 1955 Mack truck, Motor No. END 673-4897 as provided in Secs. 3(a) and 3(b), Art. 21.28 of the Insurance Code?

Appellant contends that in accordance with the provisions of Rule 66, Texas Rules of Civil Procedure, which provides that "if evidence is objected to at a trial on the ground that it is not within the issues made by the pleading, * * * the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the allowance of such amendment would prejudice him in maintaining his action or defense upon the merits," the Trial Court erred in granting appellee's motion to strike the trial amendment after having granted leave to appellant to file it.

It is clear from the pleadings and the evidence that all appellant sought to do was to file a claim with appellee for whatever inter-

est he may have had in the proceeds of the insurance policy covering the truck in question as a result of the fire which occurred January 13, 1957. Whether such interest was an equitable interest as pleaded in his original petition or the interest which he acquired by assignment of Kirk's interest in the proceeds of the policy, his cause of action as asserted in his original petition as well as in his second trial amendment was that he was entitled to file his claim for such interest in the receivership proceedings after the time prescribed for the filing of claims under Secs. 3(a) and 3(b), Art. 21.-28, because of the failure of appellee to send him a notice of the receivership proceedings and his appointment as Receiver as required by Sec. 3(a), Art. 21.28.

As stated above, after appellant had rested but before appellee had rested, appellee moved to strike all of the testimony and other evidence offered by appellant which was not supported by the pleadings on file on December 21, 1960, which motion was passed upon by the Court at that time. Immediately following the motion to strike appellant orally requested the Trial Court for leave to file his second trial amendment, which request was granted by the Trial Court without any objection by appellee. The second trial amendment was filed on January 6, 1961 and on January 18, 1961 appellee filed his motion to strike the second trial amendment. After appellant had filed his second trial amendment appellee did not at any time request the Trial Court to grant a postponement to enable him to meet or rebut the evidence previously introduced and which was alleged in the trial amendment as authorized by Rule 66.

If the Trial Court had refused to permit appellant to file his second trial amendment when requested by appellant on December 21, 1960 appellant could have assigned such refusal as error before this Court, but having granted appellant leave to file his trial amendment under Rule 66, the Trial Court then granted appellee's motion to strike the same amendment which he had previously granted appellant leave to file.

The source of Rule 66, T.R.C.P. is Federal Rule 15(b), 28 U.S.C.A., with minor changes. While it is true that the application of this rule is within the discretion of the Trial Judge, nevertheless the decisions of the Federal courts construing how such discretion should be exercised are highly persuasive. In Robbins v. Jordan (U.S.C.A., D.C.), 181 F.2d 793, it was held that such discretion is to be exercised liberally in favor of justice. This interpretation of Rule 15(b) has been consistently followed by the appellate courts of Texas in construing Rule 66. Butcher v. Tinkle, Tex.Civ.App., 183 S.W.2d 227, 229, no writ history; Shaw v. Tyler Bank & Trust Co., Tex.Civ.App., 285 S.W.2d 782, 790, error ref. N.R.E. Where leave to amend has been granted as in the instant case, application for a continuance based on surprise must be made as a ground for reversal and the error of the Trial Court, if any, consists in denying the application for the continuance and in not permitting the trial amendment to be filed. Texas City Terminal Ry. Co. v. McLemore, Tex.Civ.App., 225 S.W.2d 1007, 1010, error ref. N.R.E.

In the exercise of its discretion in granting or refusing the leave to file a trial amendment under Rule 66, the Court has two options: (1) to deny the trial amendment when it is obvious that the party has failed to prepare his case with diligence or has failed to amend his pleadings in order to deprive the opposing party of an opportunity to meet and defend the new matter so presented, or (2) to grant leave to file the trial amendment and permit the opposing party to withdraw his announcement of ready for trial and then order a postponement or continuance to permit both parties to prepare for trial. 2 McDonald Texas Civil Practice, Sec. 8.07, p. 737 and cases cited.

Since no findings of fact or conclusions of law were requested by either of the parties and since the judgment does not recite the grounds upon which the Court granted appellee's motion to strike the second trial amendment, the motion to strike must be

carefully examined to ascertain whether any of the grounds set forth therein is sufficient of itself to justify the action of the Court in sustaining the motion.

The first ground alleged is that the evidence adduced upon the trial and the allegations in the trial amendment are contrary to the facts produced on the hearing of appellee's motion for summary judgment and therefore the allowance of the trial amendment after the introduction of the evidence and after both sides had rested is "prejudicial to and constitutes an unfair surprise of the defendant insofar as his rights in this cause is concerned." The transcript does not contain either the motion for summary judgment, the evidence introduced, or any of the proceedings had at the hearing or the Court's ruling on the motion for summary judgment. The sole basis of appellee's first ground is that the introduction of all of the evidence is prejudicial to and constitutes an unfair surprise to appellee.

Rule 66 provides that the Trial Court may grant a postponement to enable the objecting party to meet the evidence which was not within the issues made by the original pleadings but which was pleaded in the trial amendment. No request for postponement was made by appellee at the time appellant requested leave to file his trial amendment. Certainly having been fully advised as to all of the evidence upon which appellant based his cause of action and appellant's case having been fully developed on December 21, 1960, appellee cannot be said that his rights have been prejudiced and that he has been unfairly surprised at the hearing before the Court some two months thereafter on February 23, 1961. Since appellee did not file and present a motion for continuance prepared upon the ground of surprise when the trial amendment was filed on January 6, 1960, such motion is essential before the filing of a trial amendment will constitute reversible error. Dirks v. Dirks, Tex.Civ. App., 302 S.W.2d 471, 474, error dism. We find no merit in appellee's first ground.

Appellee's second ground of his motion to strike is that the cause of action alleged in the second trial amendment constitutes a complete change from the cause of action alleged in the original and first supplemental petition because the second trial amendment bases appellant's cause of action on the assignment by Kirk to appellant of the proceeds of the policy on or about April 15, 1957 instead of being based upon his claim filed with Highway prior to the receivership and that since he had received no notice required by Sec. 3(a), Art. 21.28, he was excused from filing his claim within the one year period specified in Sec. 3(b), Art. 21.28. Therefore the cause of action alleged in the second trial amendment constituted a complete departure and wholly new cause of action and to allow appellant to file such trial amendment after the case had been tried and fully developed would be prejudicial to and would constitute an equitable and unfair form of surprise to appellee. It is our opinion that the trial amendment did not change the cause of action previously alleged by appellant and the second ground is without merit.

The third ground for striking the trial amendment is that it is not a trial amendment of pleadings previously on file because it is an attempt to replead all facts upon which the appellant seeks recovery against appellee whether or not the facts were alleged in previous pleadings and that the amendment also prays the Court to cite appellee to appear and answer that the receivership approve appellant's claim as a creditor for $8950.00 and in the alternative that appellant recover judgment against the Receiver for damages in the same amount. Here appellee admits that the trial amendment fully complies with the provisions of Rule 66 and the fact that in such amendment there is a prayer that appellee be cited to appear and answer does not of itself constitute an admission that there is an entirely new, separate and distinct cause of action alleged by the trial amendment. This ground is without merit.

As the final ground for striking the trial amendment appellee alleges that after appellant had rested his case and appellee had urged his motion to strike all testimony not supported by the pleadings then on file, appellant's counsel stated to the Court that he had discovered the change in facts regarding his cause of action which resulted in a change in the theory of the cause of action on the night before the trial on December 21, 1960 but that notwithstanding such discovery appellant announced ready for trial on December 21, 1960 when he could have apprised the Court of the change in facts and requested a postponement to allow a re-pleading in which case appellee would not have been put to trial on the original pleadings and would have had an opportunity to prepare his defense and replead, if necessary, to meet the change in the cause of action and therefore by prompt and diligent action appellant could have obviated the necessity of repleading his cause of action after the hearing on the merits and after both sides had rested.

After appellant had filed his trial amendment on January 6, 1961, appellee did not request postponement nor did he request a postponement before the hearing on February 23, 1961. Instead appellee elected to "rest his oars" on his motion to strike the testimony which had not been previously ruled upon by the Court. We are of the opinion that this ground is also without merit.

When the Trial Court granted leave to appellant to file his second trial amendment, the Trial Court was acting within his discretion under the provisions of Rule 66 as construed by the authorities hereinbefore cited. However, since appellee failed to object to the Trial Court's ruling in granting permission to file the trial amendment and failed to file a motion for continuance upon the ground that the allowance of such amendment would prejudice him in maintaining his defense upon the merits, appellee's rights were in no way prejudiced as is demonstrated by the various grounds urged by appellee in his motion to strike the trial amendment. By sustaining appellee's motion to strike the trial amendment after having granted permission to file it, the Trial Court committed an abuse of discretion. In view of this holding, it is unnecessary to rule upon appellant's first point of error.

Since the Trial Court erred in granting appellee's motion to strike the trial amendment, the judgment is reversed and the cause remanded to the Trial Court for a new trial.

Reversed and remanded.