

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-23-00138-CV

**IN THE MATTER OF THE MARRIAGE OF CHRISTINA CUELLAR STOKES AND JAMES EDWARD STOKES, JR.** and In the Interest of A.S. and C.S., Children

From the 73rd Judicial District Court, Bexar County, Texas
Trial Court No. 2020-CI-19399
Honorable David A. Canales, Judge Presiding

Opinion by:    Lori I. Valenzuela, Justice

Sitting:        Rebeca C. Martinez, Chief Justice
              Luz Elena D. Chapa, Justice
              Lori I. Valenzuela, Justice

Delivered and Filed: May 8, 2024

AFFIRMED

In two issues, pro se appellant Christina Cuellar Stokes ("Christina") asserts the trial court erred by (1) refusing to hold a second trial after it granted in part her motion for new trial and (2) including a date in the divorce decree varying from the temporary orders entered in the case. We affirm.

### BACKGROUND

This case involves a divorce proceeding between Christina and James Edward Stokes, Jr. ("James"). In January and February 2022, the trial court held a three-day bench trial, and on July 22, 2022, the trial court entered a final decree of divorce. On August 12, 2022, Christina filed a motion for new trial asserting, among other things: (1) the VIN number in the decree contained a typo; (2) a provision regarding cameras in James's house when he has possession of the children

was omitted; and (3) an injunction affecting only Christina should be mutual. On October 4, 2022, the trial court held a hearing, and on October 5, 2022, the trial court emailed the judge's notes to the parties stating in relevant part:

> Petitioner's Motion for New Trial is granted in part as follows:
>
> - Correct VIN
>
> - Add camera provisions back into the order like they were in the temporary orders
>
> - Make the permanent injunction enjoining [Christina] from "questioning or discussing with the children that are subject of this suit inssues [sic] concerning the following 1. Alleged inappropriate physical contact by [James], and 2. Reasons as to why [Christina and James] got divorced" a mutual injunction that applies until the youngest child turns 18 years old
>
> - [James's attorney's] request for attorney's fees is denied

The email concluded with a disclaimer stating, "**THESE NOTES ARE NOT THE COURT'S 'WRITTEN ORDER' IN THIS CAUSE.**"

On December 7, 2022, the trial court entered a corrected final decree of divorce. On December 21, 2022, Christina filed a second motion for new trial. The only argument raised in the second motion for new trial was that she was entitled to prove her case in a second proceeding based on alleged newly discovered evidence.[1] On February 2, 2023, the trial court held a hearing on the second motion. At the hearing, the trial court orally denied the second motion, and on March 28, 2023, the trial court entered a detailed written order finding the motion procedurally and substantively deficient. This appeal followed.

---

[1] Christina cited deposition excerpts from depositions taken prior to the first trial.

## DISCUSSION

### *Standard of Review*

Following a bench trial, trial courts generally have discretion to grant new trials for good cause "on such terms as the court shall direct." TEX. R. CIV. P. 320. The primary purpose of a motion for new trial is to give the trial judge an opportunity to cure any errors by granting a new trial. *Tex. Dep't of Pub. Safety v. Fecci*, 989 S.W.2d 135, 138 (Tex. App.—San Antonio 1999, pet. denied). We review for an abuse of discretion a trial court's denial or grant of a motion for new trial. *Matter of Marriage of Sandoval*, 619 S.W.3d 716, 721 (Tex. 2021) (denial); *In re Davenport*, 522 S.W.3d 452, 456 (Tex. 2017) (grant).

### *Failure to Conduct a Second Trial*

In her first issue, Christina asserts the trial court erred by failing to hold a second trial after it emailed judge's notes containing its rulings. Importantly, "[a] motion for new trial is not a vehicle through which the case may be tried over or tried differently." *Crossley v. Crossley*, 306 S.W.2d 388 (Tex. Civ. App.—San Antonio 1957, no writ). However, at the second motion for new trial hearing, Christina articulated the reasons she sought a second trial were (1) to re-adjudicate the case because she was unhappy with her former attorney's questioning at the original trial and (2) she wanted to subpoena witnesses to appear so she could prove witnesses were liars. Moreover, trial courts may exercise their discretion to grant new trials "on such terms as the court shall direct." TEX. R. CIV. P. 320. Here, the trial court limited its relief to addressing the three items in its judge's notes.

Christina has not cited, and we cannot locate, any authority requiring a trial court to conduct a second trial where the trial court determines a movant is entitled to partial relief. On this record, we cannot say the trial court abused its discretion in limiting the relief it granted to correcting the judgment rather than holding a second trial. We accordingly overrule Christina's first issue.

***Date of Camera Provision***

In her second issue, Christina asserts the trial court erred in deviating from the temporary orders by including an effective date on the camera provision. The substance of Christina's complaint is that the trial court erred by inserting an effective date of October 5, 2022, because the temporary orders did not contain that date, and the judge's notes stated, "Add camera provisions back into the order *like they were in the temporary orders*" (emphasis added). According to Christina, the addition of the date means the decree does not comport with the letter ruling.

As an initial matter, this argument erroneously assumes the judge's notes bound the trial court's discretion in entering the corrected final decree. As expressly stated on the face of the judge's notes, "**THESE NOTES ARE NOT THE COURT'S 'WRITTEN ORDER' IN THIS CAUSE.**" *See, e.g.*, *In re L.H.*, No. 04-13-00174-CV, 2013 WL 3804585, at \*1 (Tex. App.—San Antonio July 17, 2013, no pet.) (judge's notes "are for his or her own convenience," "form no part of the record," and "do not constitute a final order").

Christina has not cited, and we cannot locate, any authority limiting a trial court's discretion entering an order according to rulings contained in judge's notes. On this record, we cannot say the trial court abused its discretion by including the October 5, 2022 effective date of the camera provision. We accordingly overrule Christina's second issue.

### CONCLUSION

Having overruled Christina's issues,[2] we affirm the judgment of the trial court.

Lori I. Valenzuela, Justice

---

[2] Although we have endeavored to address the substance of Christina's complaints, her pro se brief cites to only Federal Rules of Civil Procedure 59 and 60 and Texas Rule of Appellate Procedure 21.9(a) (governing new trials in criminal cases). Therefore, we hold in the alternative that Christina's legally unsupported assertions are inadequately briefed and, therefore, waived. *See Eagle Rock Timber, Inc. v. Rock Hard Rental, LLC*, 672 S.W.3d 438, 453–54 (Tex. App.—San Antonio 2023, pet. denied).